IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FAIRCHILD SEMICONDUCTOR CORPORATION and SYSTEM GENERAL CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 12-540-LPS |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| POWER INTEGRATIONS, INC., | ) ) ) | |
| Defendant. | ) | |

### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Fairchild Semiconductor Corporation ("Fairchild Semiconductor") and System

General Corporation ("SG") (collectively "Fairchild"), hereby complain and allege against

Defendant Power Integrations, Inc. ("Power Integrations") as follows:

### NATURE OF LAWSUIT

1.     This is an action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. §§ 271, et seq., to enjoin and obtain damages resulting from Power

Integrations' direct and/or indirect infringement of one or more claims of United States Patents

held by Fairchild.

### PARTIES AND PATENTS

2.     Fairchild is a leading global supplier of high performance power products

providing both integrated and discrete solutions for lighting applications, including LED lighting

solutions.  Fairchild's commitment to energy savings and meeting the most stringent regulations

has resulted in the development of innovative products that maximize performance while

reducing board space, design complexity, and system costs.

3.      Fairchild Semiconductor is incorporated under the laws of the state of Delaware, with its headquarters located at 3030 Orchard Parkway, San Jose, California 95134.

4.      SG is incorporated under the laws of Taiwan, with its headquarters located at 5F, No. 9, Alley 6, Lane 45 Bao Shing Road, Shin Dian, Taipei, Taiwan.

5.      SG is a wholly owned subsidiary of Fairchild Semiconductor.

6.      Upon information and belief, Defendant Power Integrations is incorporated under the laws of the state of Delaware, and has a regular and established place of business at 5245 Hellyer Avenue, San Jose, California 95138.

7.      Fairchild is the owner of numerous patents issued by the United States Patent and Trademark Office covering power supply and LED technology.

8.      Fairchild Semiconductor owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,525,259 issued on April 28, 2009, for a "Primary Side Regulated Power Supply System With Constant Current Output" (the "'259 patent"), a true and correct copy of which is attached hereto as Exhibit 1.  SG owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,286,123 issued on October 23, 2007 for "LED Driver Circuit Having Temperature Compensation" (the "'123 patent"), a true and correct copy of which is attached hereto as Exhibit 2.  SG owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,616,461 issued on November 10, 2009 for "Control Method and Circuit With Indirect Input Voltage Detection By Switching Current Slope Detection" (the "'461 patent"), a true and correct copy of which is attached hereto as Exhibit 3.  SG owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,259,972 issued on August 21, 2007 for "Primary-Side-Control Power Converter Having a Switching Controller Using

Frequency Hopping and Voltage and Current Control Loops" (the "'972 patent"), a true and correct copy of which is attached hereto as Exhibit 4.  The '259 patent, '123 patent, '461 patent, and '972 patent are collectively referred to as "the Patents-in-Suit."

9.      Notwithstanding Fairchild's patents related to LED technology, Power Integrations' has aggressively pursued opportunities in the LED market, including its introduction and promotion of the LinkSwitch-PH product family, using Fairchild's patented technology.

10.      Growing its LED business has been, and continues to be, a key element of Power Integrations business strategy.  Even after Fairchild filed its original Complaint on May 1, 2012, Power Integrations continued to aggressively promote its accused LinkSwitch-PH products and actively pursue the LED market.  For example, in a letter dated "May 2012" to shareholders included in its 2011 Annual Report, Power Integrations announced that "capturing a strong share of the fast-growing LED lighting business" was a "key element[]" of its "growth strategy." Power Integrations went on to tout features of the accused LinkSwitch-PH products.  Power Integrations concluded its discussion of the LED market in its May 2012 letter by stating that "[t]he strength of our product offering for LED lighting, combined with our intense focus on this market, have enabled us to grow our lighting revenues rapidly over the past several years, but with LED lamps expected to take a substantial share of the total lighting market over the next several years, we believe there is much more growth to come."  Any such growth comes as a result of Power Integrations' unauthorized use of Fairchild's patented technology.

## JURISDICTION AND VENUE

11.     This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

12.     This Court has personal jurisdiction over Power Integrations because Power Integrations is incorporated in the State of Delaware and has purposely availed itself of the privilege of conducting activities within this State and District.

13.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and 1400(b) because Power Integrations resides in this district.

## COUNT ONE – INFRINGEMENT OF THE '259 PATENT

14.     Fairchild incorporates by reference its allegations in Paragraphs 1-13 as if fully restated in this paragraph.

15.     Fairchild Semiconductor is the assignee of and the owner of all right, title and interest to the '259 patent.  Fairchild Semiconductor has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

16.     Power Integrations has directly infringed, knowingly induced others to infringe, and contributed to the infringement of the '259 patent by encouraging sales of products known to infringe.

## DIRECT INFRINGEMENT

17.     Power Integrations has been and is now directly infringing, literally or under the doctrine of equivalents, one or more of the claims of the '259 patent through at least the acts of making, using, selling, offering for sale and/or importing in the United States infringing devices covered by one or more claims of the '259 patent that incorporate, at least, Power Integrations' LinkSwitch-PH products.

## INDIRECT INFRINGEMENT – ACTIVE INDUCEMENT

18.     On information and belief, Power Integrations has been and is now actively inducing the infringement of the '259 patent, either literally or under the doctrine of equivalents.

19.     Power Integrations has been aware of the '259 patent since at least May 1, 2012 when Fairchild accused Power Integrations of infringing the '259 patent in its original complaint in the above-captioned litigation (hereinafter "Original Complaint" or "May 1, 2012 Complaint").

20.     On information and belief, Power Integrations was aware of the '259 patent and its infringement prior to the May 1, 2012 Complaint as a result of its routine and continuous practice of reviewing and discussing competitive patents, including those owned by SG and Fairchild.

21.     Power Integrations develops relationships with business partners, including, for example distributors and customers, to promote and encourage the importation, manufacture, offering for sale, sale and use of infringing devices that incorporate, at least, its LinkSwitch-PH product in the United States.  Power Integrations also actively solicits business from customers and distributors located in the United States.  Power Integrations coordinates with customers, distributors and others about the designs, specifications, distribution of and placement of orders for, at least, the LinkSwitch-PH products to be incorporated into infringing devices.  For example, Power Integrations posts "Reference Design Kits," "Design Example Reports," and "Typical Application Schematics," including, at least, the LinkSwitch-PH products on its website, which provide information that encourages and enables others to incorporate the LinkSwitch-PH products into infringing devices.  Power Integrations also, for example, provides to distributors, customers, and others the PI Xls Designer Software, which provides information that encourages and enables other to incorporate the accused LinkSwitch-PH products into infringing devices.

Power Integrations makes such exemplary information available to its customers, as well as its customers' customers and others in the distribution chain.

22.     Power Integrations has relationships with third parties to develop and supply the U.S. market with infringing devices incorporating, at least, the accused LinkSwitch-PH products. Power Integrations communicates and meets with third parties about, at least, its LinkSwitch-PH products and these communications and meetings facilitate the sale, offer for sale, manufacture, use, importation and distribution of infringing devices incorporating, at least, Power Integrations' LinkSwitch-PH products by others in the United States.

23.     Power Integrations has intended, and continues to intend, to induce patent infringement by third parties and has had knowledge that the inducing acts would cause infringement or has been willfully blind to the possibility that its inducing acts would cause infringement.  Power Integrations' customers and others have in fact infringed the '259 patent.

24.     Power Integrations has induced infringement of the '259 patent by causing to be made, causing to be used, causing to be offered for sale, causing to be sold, and causing to be imported in the United States infringing devices that incorporate, at least, Power Integrations' LinkSwitch-PH products.  These devices meet each and every limitation of at least one claim of the '259 patent either literally or equivalently.  Power Integrations has committed acts of infringement of the '259 patent that have been made, and are being made, with full knowledge of Fairchild's rights in the patent.

### INDIRECT INFRINGEMENT – CONTRIBUTORY INFRINGEMENT

25.     On information and belief, Power Integrations has been and is now contributing to the infringement of the '259 patent, either literally or under the doctrine of equivalents.

26.     Power Integrations has been aware of the '259 patent since at least May 1, 2012 when Fairchild accused Power Integrations of infringing the '259 patent in its Original Complaint.

27.     On information and belief, Power Integrations was aware of the '259 patent and its infringement prior to the May 1, 2012 Complaint as a result of its routine and continuous practice of reviewing and discussing competitive patents, including those owned by SG and Fairchild.

28.     On information and belief, Power Integrations has been aware, since first learning of the '259 patent, that its products accused of infringement, including at least the LinkSwitch-PH family of products, are not staple articles or commodities of commerce suitable for substantial non-infringing use and are especially made and/or adapted for use in infringing the '259 patent.

29.     Power Integrations' customers and others have in fact infringed the '259 patent by making, using, offering to sell, selling, and importing in the United States infringing devices that incorporate, at least, Power Integrations' LinkSwitch-PH product.  These devices meet each and every limitation of at least one claim of the '259 patent either literally or equivalently.  Power Integrations has knowledge of this infringing use by its customers and others.

**POWER INTEGRATIONS' INFRINGING ACTS HARM FAIRCHILD**

30.     Power Integrations' acts of infringement have injured and damaged Fairchild and will continue to injure and damage Fairchild.

31.     Power Integrations' wrongful conduct has caused and will continue to cause Fairchild to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing in the United States the

patented inventions.  On information and belief, Power Integrations will continue these infringing acts unless enjoined by this Court.

## COUNT TWO – INFRINGEMENT OF THE '123 PATENT

32.     Fairchild incorporates by reference its allegations in Paragraphs 1-31 as if fully restated in this paragraph.

33.     SG is the assignee of and the owner of all right, title and interest to the '123 patent. SG has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

34.     Power Integrations has directly infringed, knowingly induced others to infringe, and contributed to the infringement of the '123 patent by encouraging sales of products known to infringe.

## DIRECT INFRINGEMENT

35.     On information and belief, Power Integrations has been and is now directly infringing, literally or under the doctrine of the equivalents, one or more of the claims of the '123 patent through at least the acts of making, using, selling, offering for sale and/or importing in the United States infringing devices covered by one or more claims of the '123 patent that incorporate, at least, Power Integrations' LinkSwitch-PH products.

## INDIRECT INFRINGEMENT – ACTIVE INDUCEMENT

36.     On information and belief, Power Integrations has been and is now actively inducing the infringement of the '123 patent, either literally or under the doctrine of equivalents.

37.     Power Integrations has been aware of the '123 patent since at least May 1, 2012 when Fairchild accused Power Integrations of infringing the '123 patent in its Original Complaint.

38.     On information and belief, Power Integrations was aware of the '123 patent and its infringement prior to the May 1, 2012 Complaint as a result of its routine and continuous practice of reviewing and discussing competitive patents, including those owned by SG and Fairchild.

39.     Power Integrations develops relationships with business partners, including, for example distributors and customers, to promote and encourage the importation, manufacture, offering for sale, sale and use of infringing devices that incorporate, at least, its LinkSwitch-PH product in the United States.  Power Integrations also actively solicits business from customers and distributors located in the United States.  Power Integrations coordinates with customers, distributors and others about the designs, specifications, distribution of and placement of orders for, at least, the LinkSwitch-PH products to be incorporated into infringing devices.  For example, Power Integrations posts "Reference Design Kits," "Design Example Reports," and "Typical Application Schematics" including, at least, the LinkSwitch-PH products on its website, which provide information that encourages others to incorporate the LinkSwitch-PH products into infringing devices.  Power Integrations also, for example, provides to distributors, customers, and others the PI Xls Designer Software, which provides information that encourages and enables other to incorporate the accused LinkSwitch-PH products into infringing devices.  Power Integrations makes such exemplary information available to its customers, as well as its customers' customers and others in the distribution chain.

40.     Power Integrations has relationships with third parties to develop and supply the U.S. market with infringing devices incorporating, at least, the accused LinkSwitch-PH products.  Power Integrations communicates and meets with third parties about, at least, its LinkSwitch-PH products and these communications and meetings facilitate the sale, offer for sale, manufacture,

use, imporation and distribution of infringing devices incorporating, at least, Power Integrations' LinkSwitch-PH products by others in the United States.

41.     Power Integrations has intended, and continues to intend, to induce patent infringement by third parties and has had knowledge that the inducing acts would cause infringement or has been willfully blind to the possibility that its inducing acts would cause infringement.  Power Integrations' customers and others have in fact infringed the '123 patent.

42.     Power Integrations has induced infringement of the '123 patent by causing to be made, causing to be used, causing to be offered for sale, causing to be sold, and causing to be imported in the United States infringing devices that incorporate, at least, Power Integrations' LinkSwitch-PH products.  These devices meet each and every limitation of at least one claim of the '123 patent either literally or equivalently.  Power Integrations has committed acts of infringement of the '123 patent that have been made, and are being made, with full knowledge of SG's rights in the patent.

### INDIRECT INFRINGEMENT – CONTRIBUTORY INFRINGEMENT

43.     On information and belief, Power Integrations has been and is now contributing to the infringement of the '123 patent, either literally or under the doctrine of equivalents.

44.     Power Integrations has been aware of the '123 patent since at least May 1, 2012 when Fairchild accused Power Integrations of infringing the '123 patent in its Original Complaint.

45.     On information and belief, Power Integrations was aware of the '123 patent and its infringement prior to the May 1, 2012 Complaint as a result of its routine and continuous practice of reviewing and discussing SG and Fairchild patents.  On information and belief, Power Integrations' review of SG and Fairchild patents has included the '123 patent.

46.    On information and belief, Power Integrations has been aware since it first learned of the '123 patent that its products accused of infringement, including at least the LinkSwitch-PH family products, are not staple articles or commodities of commerce suitable for substantial non-infringing use and are especially made and/or adapted for use in infringing the '123 patent.

47.    Power Integrations' customers and others have in fact infringed the '123 patent by making, using, offering to sell, selling, and importing in the United States devices that incorporate, at least, Power Integrations' LinkSwitch-PH product.  These devices meet each and every limitation of at least one claim of the '123 patent either literally or equivalently.  Power Integrations has knowledge of this infringing use by its customers and others.

**POWER INTEGRATIONS' INFRINGING ACTS HARM FAIRCHILD**

48.    Power Integrations' acts of infringement have injured and damaged Fairchild and will continue to injure and damage Fairchild.

49.    Power Integrations' wrongful conduct has caused and will continue to cause Fairchild to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing in the United States the patented inventions.  On information and belief, Power Integrations will continue these infringing acts unless enjoined by this Court.

**COUNT THREE – INFRINGEMENT OF THE '461 PATENT**

50.    Fairchild incorporates by reference its allegations in Paragraphs 1-49 as if fully restated in this paragraph.

{00638440;v1 }                                    11

51.     SG is the assignee of and the owner of all right, title and interest to the '461 patent. SG has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

52.     Power Integrations has directly infringed, knowingly induced others to infringe, and contributed to the infringement of the '461 patent by encouraging sales of products known to infringe.

## DIRECT INFRINGEMENT

53.     On information and belief, Power Integrations has been and is now directly infringing, literally or under the doctrine of the equivalents, one or more of the claims of the '461 patent through at least the acts of making, using, selling, offering for sale and/or importing  in the United States infringing devices covered by one or more claims of the '461 patent that incorporate, at least,  Power Integrations' LinkSwitch-PH products.

## INDIRECT INFRINGEMENT – ACTIVE INDUCEMENT

54.     On information and belief, Power Integrations has been and is now actively inducing the infringement of the '461 patent, either literally or under the doctrine of equivalents.

55.     Power Integrations has been aware of the '461 patent since at least May 1, 2012 when Fairchild accused Power Integrations of infringing the '461 patent in its Original Complaint.

56.     On information and belief, Power Integrations was aware of the '461 patent and its infringement prior to the May 1, 2012 Complaint as a result of its routine and continuous practice of reviewing and discussing competitive patents, including those owned by SG and Fairchild.

57.     Power Integrations develops relationships with business partners, including, for example distributors and customers, to promote and encourage the importation, manufacture, offering for sale, sale and use of infringing devices that incorporate, at least, its LinkSwitch-PH product in the United States.  Power Integrations also actively solicits business from customers and distributors located in the United States.  Power Integrations coordinates with customers, distributors and others about the designs, specifications, distribution of and placement of orders for, at least, its LinkSwitch-PH products to be incorporated into infringing devices.  For example, Power Integrations posts "Reference Design Kits," "Design Example Reports," and "Typical Application Schematics" including, at least, the LinkSwitch-PH products on its website, which provide information that encourages others to incorporate the LinkSwitch-PH products into infringing devices.  Power Integrations also, for example, provides to distributors, customers, and others the PI Xls Designer Software, which provides information that encourages and enables other to incorporate the accused LinkSwitch-PH products into infringing devices.  Power Integrations makes such exemplary information available to its customers, as well as its customers' customers and others in the distribution chain.

58.     Power Integrations has relationships with third parties to develop and supply the U.S. market with infringing devices incorporating, at least, the accused LinkSwitch-PH products. Power Integrations communicates and meets with third parties about, at least, its LinkSwitch-PH products and these communications and meetings facilitate the sale, offer for sale, manufacture, use, importation and distribution of infringing devices incorporating, at least, Power Integrations' LinkSwitch-PH products by others in the United States.

59.     Power Integrations has intended, and continues to intend, to induce patent infringement by third parties and has had knowledge that the inducing acts would cause

infringement or has been willfully blind to the possibility that its inducing acts would cause

infringement.  Power Integrations' customers and others have in fact infringed the '461 patent.

60.     Power Integrations has induced infringement of the '461 patent by causing to be

made, causing to be used, causing to be offered for sale, causing to be sold, and causing to be

imported in the United States infringing devices that incorporate, at least, Power Integrations'

LinkSwitch-PH product.  These devices meet each and every limitation of at least one claim of

the '461 patent either literally or equivalently.  Power Integrations has committed acts of

infringement of the '461 patent that have been made, and are being made, with full knowledge of

SG's rights in the patent.

## INDIRECT INFRINGEMENT – CONTRIBUTORY INFRINGEMENT

61.     On information and belief, Power Integrations has been and is now contributing to

the infringement of the '461 patent, either literally or under the doctrine of equivalents.

62.     Power Integrations has been aware of the '461 patent since at least May 1, 2012

when Fairchild accused Power Integrations of infringing the '461 patent in its Original

Complaint.

63.     On information and belief, Power Integrations was aware of the '461 patent and

its infringement prior to the May 1, 2012 Complaint as a result of its routine and continuous

practice of reviewing and discussing SG and Fairchild patents.  On information and belief, Power

Integrations' review of SG and Fairchild patents has included the '461 patent.

64.     On information and belief, Power Integrations has been aware since it first

learned of the '461 patent that its products accused of infringement, including at least the

LinkSwitch-PH family products, are not staple articles or commodities of commerce suitable for

substantial non-infringing use and are especially made and/or adapted for use in infringing the '461 patent.

65.     Power Integrations' customers and others have in fact infringed the '461 patent by making, using, offering to sell, selling, and importing in the United States infringing devices that incorporate, at least, Power Integrations' LinkSwitch-PH product.  These devices meet each and every limitation of at least one claim of the '461 patent either literally or equivalently.  Power Integrations has knowledge of this infringing use by its customers and others.

**POWER INTEGRATIONS' INFRINGING ACTS HARM FAIRCHILD**

66.     Power Integrations' acts of infringement have injured and damaged Fairchild and will continue to injure and damage Fairchild.

67.     Power Integrations' wrongful conduct has caused and will continue to cause Fairchild to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing in the United States the patented inventions.  On information and belief, Power Integrations will continue these infringing acts unless enjoined by this Court.

**COUNT FOUR – INFRINGEMENT OF THE '972 PATENT**

68.     Fairchild incorporates by reference its allegations in Paragraphs 1-67 as if fully restated in this paragraph.

69.     SG is the assignee of and the owner of all right, title and interest to the '972 patent. SG has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

70.     On April 27, 2011, Power Integrations' LinkSwitch-II and LinkSwitch-CV products, including the LNK603-606/613-616, SC1092, SC1097-99, SC1103, LNK632DG and

LNK623-626 were found to infringe claims 6, 7, 18 and 19 of the '972 patent.  *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*, 08-309, D.I. 577 at 10.  That same day, with full knowledge of the '972 patent and the jury's finding of infringement, Power Integrations issued a press release, attached hereto as Exhibit 5, encouraging customers and others to continue making, using, selling offering for sale, and importing in the United States the infringing products by stating that its customers "are unaffected by the verdict."  By issuing this press release and by taking other actions, including but not limited to marketing and promotional activities, to actively encourage customers to continue making, using, selling, offering for sale, and importing in the United States the infringing products, Power Integrations has been and is now inducing infringement in the United States of claims 6, 7, 18, and 19 of the '972 patent.

71.    Power Integrations has intended, and continues to intend, to induce patent infringement by its customers and others and has had knowledge that the inducing acts would cause infringement or has been willfully blind to the possibility that its inducing acts would cause infringement.  Power Integrations' customers and others have in fact infringed the '972 patent.

72.    Power Integrations has induced infringement  of the '972 patent by causing to be made, causing to be used, causing to be offered for sale, causing to be sold, and causing to be imported in the United States infringing devices that incorporate, at least, Power Integrations' LinkSwitch-II and LinkSwitch-CV products.  These devices meet each and every limitation of at least one claim of the '972 patent either literally or equivalently.  Power Integrations' acts of infringement of the '972 patent have been made, and are being made with full knowledge of SG's rights in the patent.

73.     Prior to beginning and continuing its inducing acts, Power Integrations had knowledge of the '972 patent and issues of infringement related thereto, including at least by virtue of the facts and circumstances raised during the prior adjudged infringement of the '972 patent by Power Integrations.  Accordingly, Power Integrations' acts of inducing infringement have been, and continue to be willful, so as to warrant the enhancement of damages awarded as a result of its inducing infringement.

74.     Power Integrations' acts of infringement have injured and damaged Fairchild.

75.     Power Integrations' wrongful conduct has caused Fairchild to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing in the United States the patented inventions.  On information and belief, Power Integrations will continue these infringing acts unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Fairchild prays for judgment against Power Integrations, granting Fairchild the following relief:

A.      That this Court adjudge and decree that Power Integrations has infringed, contributorily infringed and induced infringement of the '259 patent;

B.      That this Court adjudge and decree that Power Integrations has infringed, contributorily infringed and induced infringement of the '123 patent;

C.      That this Court adjudge and decree that Power Integrations has infringed, contributorily infringed and induced infringement of the '461 patent;

D.      That this Court adjudge and decree that Power Integrations has induced infringement of the '972 patent;

E.      That this Court permanently enjoin Power Integrations, their parents, subsidiaries, affiliates, agents, servants, employees, attorneys, representatives, successors and assigns, and all others in active concert or participation with them from infringing the Patents-in-Suit;

F.      That this Court order an award to Fairchild of such damages as it shall prove at trial against Power Integrations that are adequate to compensate Fairchild for Power Integrations' infringement, said damages to be no less than a reasonable royalty together with interest and costs;

G.      That any such money judgment related to the '972 patent against Power Integrations be trebled as a result of the willful nature of Defendants' infringement;

H.      That this Court order an accounting to determine the damages to be awarded to Fairchild as a result of Power Integrations' infringement, including an accounting for infringing sales not presented at trial and award additional damages for any such infringing sales;

I.      That this Court assess pre-judgment and post-judgment interest and costs against Power Integrations, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

J.      That this Court render a finding that this case is "exceptional" and award to Fairchild its costs and reasonable attorneys' fees, as provided by 35 U.S.C. § 285; and

K.      That this Court grant such other and further relief as the Court may deem proper and just.

## JURY DEMAND

Fairchild demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to Fed. R. Civ. P. 38.

ASHBY & GEDDES

*/s/ John G. Day*

_____
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
Andrew C. Mayo (I.D. #5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Plaintiffs*

*Of Counsel:*

Blair M. Jacobs
Christina A. Ondrick
Rose S. Whelan
MCDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, DC  20005-3096
(202) 756-8000
bjacobs@mwe.com
condrick@mwe.com
rwhelan@mwe.com

Terrence P. McMahon
Michael F. Martin
MCDERMOTT WILL & EMERY LLP
275 Middlefield Rd., Ste. 100
Menlo Park, CA  94025
(650) 815-7400
tmcmahon@mwe.com
mfmartin@mwe.com

Leigh J. Martinson
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA  02109-1775
(617) 535-4000
lmartinson@mwe.com

Dated: June 4, 2012