IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FAIRCHILD SEMICONDUCTOR :
CORPORATION, and SYSTEM :
GENERAL CORPORATION, :
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　Plaintiffs, :
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　v. : C.A. No. 12-540-LPS
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
POWER INTEGRATIONS, INC., :
　　　　　　　　　　　　　　　　　　　:
　　　　　　　Defendant. :

John G. Day, Esq., Lauren E. Maguire, Esq., Andrew C. Mayo, Esq., ASHBY & GEDDES, Wilmington, DE.
Blair M. Jacobs, Esq., Christina A. Ondrick, Esq., Rose S. Whelan, Esq., McDERMOT WILL & EMERY LLP, Washington, DC.
Terrence P. McMahon, Esq., McDERMOT WILL & EMERY LLP, Menlo Park, CA.
Leigh J. Martinson, Esq., McDERMOT WILL & EMERY LLP, Boston, MA.

　　　　Attorneys for Plaintiffs Fairchild Semiconductor Corporation, and System General Corporation.

William J. Marsden, Jr., Esq., Joseph B. Warden, Esq., FISH & RICHARDSON, P.C., Wilmington, DE.
Frank E. Scherkenbach, Esq., FISH & RICHARDSON, P.C., Boston, MA.
Howard G. Pollack, Esq., Michael R. Headley, Esq., Enrique Duarte, Esq., FISH & RICHARDSON, P.C., Redwood City, CA.

　　　　Attorneys for Defendant Power Integrations, Inc.

**MEMORANDUM OPINION**

March 29, 2013
Wilmington, Delaware

**STARK, U.S. District Judge:**

Pending before the Court is a motion to dismiss the counterclaims of Defendant Power Integrations, Inc. ("Defendant" or "Power"). (D.I. 13) The motion was filed by Plaintiffs Fairchild Semiconductor Corporation and System General Corporation (collectively, "Plaintiffs" or "Fairchild").

## I. BACKGROUND

Fairchild filed this patent infringement action against Power on May 1, 2012. (D.I. 1) Power moved to dismiss the Complaint for failure to state a claim or, in the alternative, for a more definite statement. (D.I. 5) Fairchild amended the Complaint on June 4, 2012 (D.I. 9) and Power has not renewed its motion to dismiss.[1] Power served its answer to the Amended Complaint on June 21, 2012, together with counterclaims alleging direct and indirect infringement of five patents: (1) USP 6,229,366 ("the '366 patent"); (2) USP 7,995,359 ("the '359 patent"); (3) USP 7,952,895 ("the '895 patent"); (4) USP 7,876,587 ("the '587 patent"); and (5) USP 8,115,457 ("the '457 patent") (collectively, "the patents-in-suit"). (D.I. 11) Power also seeks damages for willful infringement. (D.I. 11 at 32) Fairchild now moves to dismiss these infringement counterclaims or, in the alternative, for a more definite statement.[2] (D.I. 13)

## II. LEGAL STANDARDS

The sufficiency of pleadings for non-fraud cases is governed by Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that

---

[1] Power's motion to dismiss (D.I. 5) will be denied as moot.

[2] Fairchild notes that it may seek to sever Power's counterclaims. (D.I. 14 at n.1) That request is not before the Court at this time.

1

the pleader is entitled to relief." When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, courts conduct a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, courts separate the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. This first step requires courts to draw all reasonable inferences in favor of the non-moving party. *See Maio v. Aetna, Inc.*, 221 F.3d 472, 500 (3d Cir. 2000). However, the Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

Second, courts determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This is a context-specific determination, requiring the court "to draw on its judicial experience and common sense." *Id.* at 679. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum

expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotation marks omitted). Finally, although a non-fraud claim need not be pled with particularity or specificity, that claim must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555.

## III. DISCUSSION

Fairchild contends that Power has failed to state a claim for: (1) direct infringement; (2) induced infringement; and (3) willful infringement. Alternatively, Fairchild seeks a more definite statement.

### A. Direct Infringement

Fairchild contends that Power's direct infringement counterclaims fail to state a claim because Power does not adequately identify the accused products and because Power's infringement claim with respect to the '366 patent is barred by *res judicata*. (D.I. 14 at 7-10) The Court disagrees with both contentions.

#### 1. Identification of Products

To properly plead a claim of direct infringement, a complaint must at least comply with Form 18 of the Federal Rules of Civil Procedure. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007). As it relates to accused products, Form 18 only requires identification of a general category of products, for example "electrical motors."[3] Following this guidance, this Court has repeatedly declined to dismiss pleadings that accuse general categories

---

[3]The Court disagrees with Fairchild's suggestion (D.I. 14 at 1-2) that compliance with Form 18 may not be sufficient to satisfy the pleading requirements for direct infringement. *See In re Bill of Lading*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) ("[T]o the extent the parties argue that *Twombly* and its progeny conflict with the Forms and create differing pleadings requirements, the Forms control.").

3

of products. *See, e.g., Xpoint Techs. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 354 (D. Del. 2010) (finding identification of "general categories of accused products – processors, chipsets, and motherboards" – sufficient); *Applera Corp. v. Thermo Electron Corp.*, 2005 WL 524589, at *1 (D. Del. Feb. 25, 2005) (finding sufficient a pleading identifying the accused product as "mass spectrometer").

> With respect to direct infringement, Power pleaded as follows:
>
> > On information and belief, Fairchild has been and is now directly infringing, literally or under the doctrine of equivalents, one or more of the claims of the '366 patent through at least the acts of making, using, selling, offering for sale and/or importing in the United States infringing ***power supply controllers that include a "soft start" feature and circuit covered by one or more claims of the '366 patent***.

(D.I. 9 at ¶ 93) (emphasis added) Thus, consistent with Form 18, Power has expressly identified a general category of products, power supply controllers, and further restricted that category to controllers that include certain features and circuits.[4]

Fairchild's main concern is that it will be unable to properly investigate and respond to Power's infringement allegations because Fairchild sells "more than 20,000 different products" and is "in the dark" regarding which products stand accused. (D.I. 14 at 9) However, this concern has been addressed in the Scheduling Order (D.I. 29 at ¶ 3.c.i.) and the topic will be the subject of discovery. *See, e.g.*, D. Del. Default Std., § 4.a (requiring parties alleging patent infringement to "specifically identify the accused products and the asserted patents and claims

---

[4]Fairchild provides a similar degree of identifying information in its Amended Complaint. (*See* D.I. 9 at ¶¶ 104, 115, 126, 137)

they allegedly infringe").[5]

### 2. Previously Asserted Patents

Fairchild also contends that Power is precluded by *res judicata* from asserting the '366 patent against the 106 specific products at issue in a previous litigation. (D.I. 14 at 9-10) Power does not deny that the '366 patent has previously been litigated, but responds that dismissal of its counterclaims is not appropriate at this time. The Court agrees. At this stage of the case, it is not clear whether there is overlap between the accused products.

### B. Induced Infringement

Pursuant to 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." Induced infringement requires the patentee to establish that the alleged infringer had "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). Therefore, to survive a motion to dismiss, a patentee must plead facts plausibly showing that the alleged infringer "specifically intended" its customers to infringe the patents-in-suit and "knew that the customer's acts constituted infringement." *In re Bill of Lading*, 681 F.3d at 1339. "[I]f a complaint sufficiently identifies, for purposes of Rule 8, the patent at issue and the allegedly infringing conduct, a defendant's receipt of the complaint and decision to continue its conduct despite the knowledge gleaned from the complaint satisfies the requirements of *Global-Tech*." *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012); *see also Aeritas, LLC v. Alaska Air Group, Inc.*, 2012 WL 4470386, at *2 (D. Del. Sept. 28, 2012).

---

[5]Fairchild has not directed the Court to authority supporting its suggestion that Power was required to provide additional information because of the parties' past litigation history and Power's resultant familiarity with Fairchild's products. (*See, e.g.*, D.I. 14 at 9)

5

Fairchild contends that Power's inducement counterclaims should be dismissed because they: (1) do not plead that Fairchild had knowledge of the patents-in-suit prior to Power filing its counterclaims; and (2) fail to plead any specific intent to induce infringement. (D.I. 14 at 12-14)[6]

### 1. Pre-Filing Knowledge

According to Fairchild, Power was required to plead facts showing that Fairchild had knowledge of the patents-in-suit prior to Power filing its counterclaims. (D.I. 18 at 8) Power's reliance on post-filing knowledge alone, in Fairchild's view, requires dismissal of the inducement counterclaim.[7] (D.I. 18 at 9) Power responds that post-filing knowledge of the patents suffices for the purpose of stating a claim of inducement. (D.I. 16 at 2)

In *Walker Digital*, 852 F. Supp. 2d at 565, this Court found that service of a complaint constituted sufficient notice for an inducement claim based on post-filing conduct:

> Given the ease of amendment, the limitation of damages to post-knowledge conduct, and in the interests of judicial economy, the court finds that the better reasoning is to allow a complaint that satisfies Rule 8 to proceed to discovery rather than dismissing it for lack of pre-filing knowledge when, by the time the motion to dismiss has been filed, defendant in fact has the requisite knowledge as pled by plaintiff.

*Id.* at 566 n.11; *see also Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568, 574 n.8 (D. Del. 2012) (same); *Softview LLC v. Apple Inc.*, 2012 WL 3061027, at *7 (D. Del. July 26, 2012) ("In

---

[6]Fairchild also suggests that the counterclaims should be dismissed because they fail to include "the identity of a direct infringer." (D.I. 14 at 2) The Court disagrees. "To state a claim for indirect infringement . . . a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading*, 681 F.3d at 1336. Power has met this requirement. (*See, e.g.*, D.I. 11 at ¶¶ 96-99)

[7]Fairchild does not contest that it had actual knowledge of the '366 patent prior to the filing of Power's counterclaims. (D.I. 14 at 14) Thus, Fairchild's "knowledge" argument is limited to the other patents-in-suit: the '359, '895, '587, and '457 patents.

the Court's view, an accused infringer is on notice of the patent(s)-in-suit once an initial pleading identifies [the patents], and a patentee that successfully proves the remaining legal elements of indirect infringement is entitled to recover for any post-filing indirect infringement of those patents."); *Pragmatus Telecom, LLC v. Ford Motor Co.*, 2012 WL 2700495, at *1 (D. Del. July 5, 2012) (finding that the complaint provided sufficient notice of an indirect infringement claim limited to post-filing conduct).[8]

The Court is not persuaded by Fairchild's contention that "the *GlobalTech* specific intent requirement would be eviscerated if Fairchild merely needed to allege knowledge as of the date of the Complaint." (D.I. 18 at 9) *GlobalTech* is directed to the sufficiency of post-trial ***proofs*** for inducement, rather than the ***pleading*** requirements under Rule 8. *See Walker Digital*, 852 F. Supp. 2d at 565. Nor does *Monec Holding AG v. Motorola Mobility, Inc.*, 2012 WL 4340653, at *8 (D. Del. Sept. 20, 2012), or any other authority, compel the result sought by Fairchild.

Accordingly, the Court will deny Fairchild's motion to the extent it seeks dismissal of Power's inducement counterclaims based on post-filing conduct. For pre-filing conduct, however, the Court will grant the motion.

2.  **Specific Intent**

In order to adequately plead the "intent" prong for inducement, the patentee must allege "knowledge that the induced acts constitute patent infringement." *Apeldyn Corp.*, 852 F. Supp. 2d at 573. Power's induced infringement counterclaims satisfy this requirement. For example, with respect to the '366 patent, Power has alleged that:

---

[8]The Court acknowledges that there are contrary decisions. *See, e.g., Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 351 (D. Del. 2010); *Eon Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527 (D. Del. 2011).

> On information and belief, Fairchild has intended, and continues to intend, to induce patent infringement by third parties and *has had knowledge that the inducing acts would cause infringement* or has been willfully blind to the possibility that its inducing acts would cause infringement. *For example, Fairchild is aware that the infringing soft start circuit is a default feature of the controller products* incorporating this circuit, that the softstart circuit is always present and cannot be disabled by a purchaser of the controller *and, therefore, that Fairchild's customers will infringe the '366 patent by using the default softstart feature* or by incorporating the infringing controller in other products, and that subsequent sales of such products would also be a direct infringement.

(D.I. 11 at ¶ 96) (emphasis added) Accepting these allegations as true, and drawing all reasonable inferences in Power's favor, Power has adequately alleged that Fairchild knew that the sales of its products would constitute infringement of the '366 patent.[9]

Additionally, with respect to the '359, '895, '587, and '457 patents, Fairchild was fairly on notice of the allegedly infringing conduct following receipt of Power's counterclaim, and Fairchild has apparently continued its conduct despite knowledge of the infringement accusation. Thus, for the '359, '895, '587, and '457 patents, Power has satisfied the pleading requirements for induced infringement based on post-filing conduct. *See Walker Digital*, 852 F. Supp. 2d at 565; *see also Aeritas*, 2012 WL 4470386, at *2.

### C. Willful Infringement

To state a claim for willful infringement, a patent holder must plead, among other things, that the infringer had "knowledge of the patent and of his infringement." *Sentry Protection*

---

[9]Fairchild's suggestion (D.I. 14 at 11) that Power's claims of inducement cannot be based "on information and belief" is incorrect. Viewing a complaint in the "light most favorable to plaintiff" may "include[] facts alleged on information and belief." *Frederick Hart & Co. v. Recordgraph Corp.*, 169 F.2d 580, 581 (3d Cir. 1948) (internal quotation marks omitted).

8

*Prods., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005). With respect to knowledge of the risk of infringement, the patentee needs to plead facts giving rise to "at least a showing of objective recklessness" as to that risk. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Pursuant to Federal Rule of Civil Procedure 9, knowledge may be averred generally.

Power has adequately stated a willful infringement claim for the '366 patent.[10] Power's infringement counterclaim for the '366 patent explicitly alleges that Fairchild had knowledge of the patent (a fact Fairchild does not dispute), that "Fairchild's customers have in fact directly infringed the '366 patent," and that "Fairchild has knowledge of these infringing uses by its customers." (D.I. 11 at ¶ 99) Accepting these allegations as true, and drawing all reasonable inferences in favor of Power, Power has adequately alleged that Fairchild was at least objectively reckless as to the infringement risk.

For these reasons, the Court will deny Fairchild's motion to dismiss Power's willful infringement claim with respect to the '366 patent.

### D.     Motion For a More Definite Statement

As an alternative to dismissal, Fairchild asks the Court to order Power to provide a more definite statement. (D.I. 14 at 3) Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably be required to frame a responsive pleading." *See also Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967). The Court has determined that Power's counterclaims provide sufficient notice of the infringement allegations. Power's counterclaims

---

[10]Power has not alleged willful infringement of the '359, '895, '587, and '457 patents. (D.I. 16 at 16)

9

are not "so vague and ambiguous" that Fairchild cannot frame a responsive pleading.

Accordingly, the Court will deny Fairchild's motion for a more definite statement.

## IV.  CONCLUSION

An Order consistent with this Memorandum Opinion will be entered.