# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

FAIRCHILD SEMICONDUCTOR  
CORPORATION and FAIRCHILD  
(TAIWAN) CORPORATION,

     Plaintiffs,

  v.          C.A. No. 12-540-LPS

POWER INTEGRATIONS, INC.,

     Defendant.

---

John G. Day, Lauren E. Maguire, Andrew C. Mayo, ASHBY & GEDDES, Wilmington, DE.

Blair M. Jacobs, Christina A. Ondrick, PAUL HASTINGS LLP, Washington, D.C.

 Attorneys for Plaintiffs.

William J. Marsden, Jr., Joseph B. Warden, Jr., FISH & RICHARDSON P.C., Wilmington, DE.

Frank E. Scherkenbach, FISH & RICHARDSON P.C., Boston, MA.

Howard G. Pollack, Michael R. Headley, FISH & RICHARDSON P.C., Redwood City, CA.

 Attorneys for Defendant.

---

## **MEMORANDUM OPINION**

April 23, 2015  
Wilmington, Delaware

[signature]

**STARK, U.S. District Judge:**

Among the motions still pending before the Court is Fairchild's Motion for Judgment on the Pleadings, or, in the Alternative, Motion for Partial Summary Judgment that Preclusion Law Bars Power Integrations From Re-Litigating the Validity and Direct Infringement of Claims 6, 7, 18 and 19 of U.S. Patent No. 7,259,972. (D.I. 190) On April 15, the Court issued a Memorandum Opinion and Order making certain findings relating to preclusion and seeking further input from the parties as to how those findings impact resolution of Fairchild's motion. (D.I. 295, 296) The parties submitted a joint letter on April 20 with their positions. (D.I. 314)

The Court's analysis as set out in the earlier Memorandum Opinion (D.I. 295) is incorporated by reference and will not be repeated here. Nothing in the parties' letters alters any of the findings or conclusions that were announced in that earlier opinion.

**I.      BACKGROUND**

On May 1, 2012, Plaintiffs Fairchild Semiconductor Corporation and Fairchild (Taiwan) Corporation (collectively, "Fairchild" or "Plaintiffs") filed a complaint against Power Integrations, Inc. ("PI" or "Defendant") alleging infringement of, *inter alia*, U.S. Patent No. 7,259,972 ("the '972 Patent"). Fact and expert discovery are complete and trial will begin on May 26, 2015. The Court heard oral argument on the pending motions on March 3, 2015. ("Tr.")

**II.     LEGAL STANDARDS**

The legal standards the Court is applying to Fairchild's motion for judgment on the pleadings and motion for summary judgment are set forth in the Court's earlier Memorandum Opinion (D.I. 295) and will not be repeated here.

1

## III. DISCUSSION

Fairchild argues that it is entitled to judgment on the pleadings (or alternatively summary judgment) that preclusion bars PI from re-litigating the validity and direct infringement of the '972 patent by the LinkSwitch-II product in a power supply with a transformer, because these questions were already decided in *Fairchild II* (C.A. No. 08-309-LPS (D. Del. filed May 23, 2008), which resulted in a jury verdict and entry of final judgment of infringement under doctrine of equivalents and no invalidity (*see* D.I. 202, Ex. 19 at 10, 13). The Court finds that Fairchild has met its burden and that issue preclusion (collateral estoppel) bars PI from relitigating the validity of Fairchild's '972 patent as well as the direct infringement of the '972 patent by the LinkSwitch-II product when used in a power supply with a transformer (which is an element of Fairchild's induced infringement claim against PI at the upcoming trial). Given the Court's conclusion on issue preclusion, the Court need not decide whether claim preclusion also applies.

Issue preclusion applies when "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (internal citations omitted). PI does not dispute that it was fully represented in the prior action.

With regard to infringement, Fairchild seeks to preclude PI from relitigating whether the LinkSwitch-II product directly infringes when used in power supplies with transformers. The Court finds that Fairchild has met its burden to show that PI should be precluded from relitigating this issue. The identical issue was previously litigated in *Fairchild II*, in which the jury returned a verdict that PI infringes the '972 patent, which the Court upheld in ruling post-

2

trial on motions for judgment as a matter of law. (*See* D.I. 202 Ex. 20 at 9-10) (describing "substantial evidence" supporting infringement verdict, including that "Fairchild's expert presented testimony describing the presence of a transformer in power supplies that incorporate the accused LinkSwitch-II product" and "Power's application notes containing detailed instructions for incorporating the accused product into power supplies, as well as testimony from witnesses suggesting that Power designs fully integrated power supplies for customers and seeks to sell its products in the U.S. market") While PI is correct that the Court in *Fairchild II* wrote in terms of direct infringement ***by PI*** of the '972 patent ***at a previous time*** (i.e., prior to the filing of the instant suit), necessary to that holding was the finding that the asserted '972 patent claims read on the LinkSwitch-II products when used in a power supply with a transformer. Thus, the identical issue PI seeks to relitigate at the upcoming trial was previously adjudicated, actually litigated, and necessarily decided against PI. Issue preclusion applies.

PI resists this conclusion by arguing that the issues here are not identical to those in *Fairchild II* for several reasons. PI contends that the accused products are not the same because the power supplies with transformers that use the LinkSwitch-II are not the same. (*See* Tr. at 24 (PI arguing that "the power supplies are different by definition"), 25 ("But the way in which the chip is used is different, or at least there hasn't been any showing at all that the power supplies accused in the two cases are essentially the same.")) The Court already found in the earlier Memorandum Opinion that the accused products in *Fairchild II* and here are essentially the same. (*See* D.I. 295 at 11-13) The Court perceives no reason, from the overall record or from the parties' recent letter, why the products are not sufficiently the same to make the infringement

3

issue (as articulated here by the Court) identical for purposes of issue preclusion.[1] PI next contends that the "second feedback signal" limitation in claims 1 and 15 has been narrowed (*see* D.I. 87 at 6-7), but, again, the Court found in the earlier Memorandum Opinion that the scope of the asserted claims is substantially the same as it was in *Fairchild II* (*see* D.I. 295 at 13-15). The Court perceives no reason, from the overall record or from the parties' recent letter, why the scope of the claims is not sufficiently the same to make the infringement issue (as articulated here by the Court) identical for purposes of issue preclusion. Third, PI argues that Fairchild is making different and contradictory arguments regarding the "sampling" limitation, which purportedly raise new factual questions, but the scope of claims 6 and 18 as consistently construed by this Court have not changed (*see* D.I. 87 at 7), and the Court perceives no reason, from the overall record or from the parties' recent letter, why a new argument in this context should prevent application of issue preclusion.

The Court reaches similar conclusions with regard to validity, which it views as a single issue for the purposes of issue preclusion. *See AstraZeneca UK Ltd. v. Watson Labs., Inc. (NV)*, 905 F. Supp. 2d 596, 602 (D. Del. 2012); *but see TASER Int'l, Inc. v. Karbon Arms, LLC*, 6 F. Supp. 3d 510, 519 (D. Del. 2013) (Sleet, J.) ("[I]f the invalidity theories are based on different claim constructions or different prior art, the requirement of identicality is not satisfied."). It is

---

[1] Although PI is free to litigate whether or not or to what extent PI's customers actually use the LinkSwitch-II products in power supplies with transformers, Fairchild need not prove that the third party power supplies in this case are the same as those in *Fairchild II* because the '972 patent does not require any particular type of power supply as long as it has a transformer. (*See* D.I. 314 at 3) Furthermore, Fairchild's inducement allegations against PI are not precluded by the *Fairchild II* finding of no induced infringement by PI because the inducement allegations in the instant case arise from different transactional facts arising only after the jury returned its verdict in *Fairchild II*.

4

undisputed that the validity of the '972 patent was actually litigated in *Fairchild II*, and that the final judgment of validity was necessary to the decision in *Fairchild II*. The only dispute appears to be whether the ***identical*** issue of validity was adjudicated, given the "minor" change in the Court's claim construction. In the present case, the issue of validity is necessarily identical to that in *Fairchild II* because PI has actually brought the same validity challenges, with the exception of an additional obviousness challenge (which cannot succeed as the claim scope has narrowed). (*See* D.I. 191 at 8) Thus, the Court finds that Fairchild has met its burden to show that the identical issue of validity was previously adjudicated.

The Court disagrees with PI that preclusion is inappropriate here because otherwise PI will have been deprived of a full and fair opportunity to litigate. *See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 333 (1971) (explaining that preclusion may be inappropriate when the party sought to be precluded "deprived of crucial evidence or witnesses in the first litigation"); *see also Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n*, 288 F.3d 519, 525 n.3 (3d Cir. 2002) (explaining that preclusion is inappropriate if "the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action") (internal quotation marks omitted). PI argues that, because "[i]n *Fairchild II*, Fairchild and its expert Dr. Wei persistently contended that the '972 patent was directed to highly 'accurate' and 'tight' primary-side constant current control in order to overcome evidence of obviousness before the Jury," "Power Integrations was unfairly prejudiced by Fairchild's concealment of its presently asserted position that the '972 invention does not, in fact, provide substantially constant current control." (D.I. 220 at 10) PI supports this argument by pointing out that the asserted claims have

5

been finally rejected by the Examiner, and that in rejecting the asserted claims, the Examiner stated, "[a]ll we are doing is preventing the patent owner from making one argument to the court and making a different argument to the Office." (D.I. 202, Ex. 1 at 11) However, as the Court noted in its Order denying PI's motion under Fed. R. Civ. P. 60(b), "PI had every opportunity to try (and did try) to dissuade the jury in April 2012 from relying on evidence PI contends has always been unreliable." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, 2015 WL 167375, at *1 (D. Del. Jan. 13, 2015).

Accordingly, the Court will grant Fairchild's motion for judgment on the pleadings to the extent it seeks to apply collateral estoppel to preclude PI from relitigating the validity and direct infringement of the '972 patent by the LinkSwitch-II products when used in a power supply with a transformer.

## IV. CONCLUSION

An appropriate Order follows.