IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FAIRCHILD SEMICONDUCTOR  
CORPORATION and FAIRCHILD  
(TAIWAN) CORPORATION,  

          Plaintiffs,

      v.                        C.A. No. 12-540-LPS

POWER INTEGRATIONS, INC.,

          Defendant.

John G. Day, Lauren E. Maguire, Andrew C. Mayo, ASHBY & GEDDES, Wilmington, DE.

Blair M. Jacobs, Christina A. Ondrick, PAUL HASTINGS LLP, Washington, D.C.

    Attorneys for Plaintiffs.

William J. Marsden, Jr., Joseph B. Warden, Jr., FISH & RICHARDSON P.C., Wilmington, DE.

Frank E. Scherkenbach, FISH & RICHARDSON P.C., Boston, MA.

Howard G. Pollack, Michael R. Headley, FISH & RICHARDSON P.C., Redwood City, CA.

    Attorneys for Defendant.

## MEMORANDUM OPINION

April 23, 2015  
Wilmington, Delaware

[signature]

**STARK, U.S. District Judge:**

Among the motions still pending before the Court is Fairchild's Motion for Summary Judgment of No Willful Infringement of PI's '366 Patent. (*See* D.I. 193; D.I. 194 at 16-17; D.I. 226 at 14-16; D.I. 236 at 7-8) For the reasons set forth below, the Court will grant this portion of Fairchild's motion.[1]

## I. BACKGROUND

On May 1, 2012, Plaintiffs Fairchild Semiconductor Corporation and Fairchild (Taiwan) Corporation (collectively, "Fairchild" or "Plaintiffs") filed a complaint against Power Integrations, Inc. ("PI" or "Defendant") alleging infringement of several Fairchild patents. (D.I. 1) On June 21, 2012, Power Integrations counterclaimed against Fairchild, alleging infringement of several PI patents, including U.S. Patent Nos. 6,229,366 ("the '366 Patent"). (D.I. 11)

Fact and expert discovery are complete and trial will begin on May 26, 2015. The Court heard oral argument on the pending motions on March 3, 2015. ("Tr.")

## II. LEGAL STANDARDS

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). An assertion that a fact cannot be – or,

---

[1] Other portions of Fairchild's motion for summary judgment remain pending, including Fairchild's request for summary judgment of non-infringement of PI's '366 patent. Regardless of whether that portion of Fairchild's motion is ultimately granted or denied, the Court has concluded that Fairchild has at least a reasonable non-infringement position, which is the basis for the Court's ruling today that PI cannot prove willful infringement.

1

alternatively, is – genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation mark omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S.

2

317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). Thus, the "mere existence of a scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the nonmoving party. *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

In *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007), the Federal Circuit set forth a two-prong test for establishing willful infringement. In order to meet the first prong, the plaintiff must show "by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id.* at 1371. If the first prong is satisfied, the plaintiff must next establish "that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.* If, however, the first prong cannot be shown, then the Court should not put the issue of willfulness – including the second "subjective" prong – before a jury. *See Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1236 (Fed. Cir. 2011) ("Since *Seagate*, [the Federal Circuit] has required patentees to prove the objective prong of the willful infringement inquiry by clear and convincing evidence ***as a predicate to the jury's consideration of the subjective prong***. . . . Should the court determine that the infringer's reliance on a defense was not objectively reckless, ***it cannot send the question of willfulness to the jury***, since proving the objective prong is a predicate to consideration of the subjective prong.") (emphasis added).

3

The Court concludes that the first prong of *Seagate* cannot be satisfied here due to Fairchild's assertion of reasonable non-infringement positions based on the Court's claim construction of "a soft start circuit means." Specifically, Fairchild contends that its accused products lack the required "soft start circuit means." (D.I. 194 at 16) Fairchild further contends that its accused products are redesigned versions of products that were previously found to infringe and that the redesign is consistent with what PI had previously indicated would not be infringing. (*See, e.g., id.* 17) These are, at minimum, credible, reasonable non-infringement theories, and consequently the first prong of *Seagate* cannot be satisfied.[2] *See Uniloc USA Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1310 (Fed. Cir. 2011) ("If the accused infringer's position is susceptible to a reasonable conclusion of no infringement, the first prong of *Seagate* cannot be met."). As PI "has failed to meet the threshold objective prong of *Seagate*," *Uniloc*, 632 F.3d at 1310, summary judgment of no willful infringement will be granted to Fairchild. *See also Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 2014 WL 4437631, at *4-5 (N.D. Cal. Sept. 9, 2014) (finding as matter of law that PI failed to establish objective recklessness where Fairchild asserted reasonable defenses to infringement).

PI's efforts to defeat Fairchild's motion are unavailing. They rest principally on purportedly "striking . . . parallels" between the willfulness issue here and that involved in

---

[2]This is true even if the Court or a jury ultimately rejects Fairchild's non-infringement theories. *See generally, e.g., Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1319-20 (Fed. Cir. 2010) (upholding grant of judgment as matter of law of no willful infringement where there was substantial question of obviousness of patent despite jury's finding of non-obviousness); *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1336-37 (Fed. Cir. 2010) (upholding grant of judgment as matter of law on willful infringement where defendant "presented a substantial question" of non-infringement under doctrine of equivalents, even though jury found infringement by equivalence).

4

*Fairchild I* (C.A. No. 04-1371-LPS (D. Del. filed Oct. 20, 2004)), an earlier case in which Fairchild was found to be a willful infringer. (D.I. 226 at 14-15) PI insists that "Fairchild is an adjudged copier as to the *Fairchild I* accused products, which remain ***essentially*** unchanged." (*Id.* at 15) (emphasis added) The Court finds these contentions unconvincing, at least in the context of an objective recklessness analysis for purposes of willfulness. By PI's implicit concession (in describing the new products as only "essentially," but not entirely, unchanged), the accused products ***are*** changed from what was found to infringe in the earlier case. As Fairchild observes, "*Fairchild I* involved different products and different litigation positions." (D.I. 236 at 7) Fairchild reasonably contends that it believes its changes are material and render the now-accused products non-infringing. On this record, then, PI cannot prove "by clear and convincing evidence that [Fairchild] acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate*, 497 F.3d at 1371.

## IV. CONCLUSION

An appropriate Order will be entered.

5