# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

FAIRCHILD SEMICONDUCTOR      :
CORPORATION and FAIRCHILD      :
(TAIWAN) CORPORATION,      :
     :
          Plaintiffs,      :
     :
       v.      :   C.A. No. 12-540-LPS
     :
POWER INTEGRATIONS, INC.,      :
     :
          Defendant.      :
     :

## MEMORANDUM ORDER

At Wilmington this 23rd day of April, 2015, having reviewed the parties' proposed

pretrial order including briefing on various motions *in limine* ("MIL") (D.I. 303 Exs. 6, 7),

**IT IS HEREBY ORDERED** that:

1.      Plaintiffs Fairchild Semiconductor Corp. and Fairchild (Taiwan) Corp.'s

("Fairchild") MIL 1, to preclude any reference to any pending reexamination proceeding or any

completed reexamination proceeding of any asserted patent, is **GRANTED**. The pending

reexamination of Fairchild's asserted '972 patent is not final, as Fairchild has appellate rights.

Pursuant to Federal Rule of Evidence 403, the limited probative value of evidence of the

reexamination[1] is substantially outweighed by the risk of unfair prejudice to Fairchild, especially

---

[1]Defendant Power Integrations, Inc. ("PI") argues that the fact the PTO finally rejected all asserted claims of the '972 "is central to the 'specific intent' element (or the lack thereof) of Fairchild's inducement claim" and similarly negates Fairchild's proof of intent with respect to willful infringement. However, the Federal Circuit "has often warned of the limited value of actions by the PTO when used for" the purpose of "negating the requisite intent for inducement."

the risk of confusion and the need to educate jurors on administrative proceedings governed by different standards and on the potential for reversal of the PTO on appeal. Evidence and argument relating to the completed reexamination of PI's '366 patent also has minimal probative value – the '366 patent has been valid and presumed valid since its issuance, and remains so following reexamination – which would be substantially outweighed by the risk of unfair prejudice to Fairchild if admitted, as jurors could mistakenly apply a higher burden to a challenge to the validity of claims that have withstood reexamination. While there shall be no reference to "reexamination," evidence (including prior art) used during a reexamination is not inadmissible solely due to its use or even creation during a reexamination, provided that general terminology (e.g., "prosecution history") is used and necessary redactions are made. In particular, the parties will be permitted to prove and argue that certain evidence was (or was not) reviewed by the PTO, but will not be permitted to prove or argue how many times such evidence was reviewed by the PTO.

2.       Fairchild's MIL 2, to preclude lay witness testimony on ultimate issues of infringement and validity, is **DENIED WITHOUT PREJUDICE**. While the Court shares Fairchild's concern that some of the testimony PI may intend to elicit through examination of inventors would constitute impermissible expert testimony, the Court agrees with PI that this is an issue best addressed in specific circumstances as they arise during trial.

3.       Fairchild's MIL 3, to preclude testimony that the soft start circuits accused of

---

*VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1324-25 (Fed. Cir. 2014). As explained elsewhere in this Order (*see infra* n.4) and as will be discussed further at the pretrial conference, the Court intends to address the objective prong of willfulness prior to trial, and the Court's rulings on the MILs may need to be reevaluated if it is ultimately determined that evidence going to the subjective prong of willfulness is going to be presented to the jury.

infringement in this case are the same as circuits found to infringe in earlier litigation, is

**GRANTED**, subject to the Court's further explanation of its ruling on this motion. As a general

matter, the prior litigations among the parties, and the results of such proceedings, have minimal

if any probative value while also presenting a substantial risk of unfair prejudice to the non-

prevailing party in the prior litigation, given the potential that the jury will defer to that prior

decision.

PI's arguments for the admissibility of the challenged testimony are, in the context of this

case, unavailing. PI argues: "Because willfulness, inducement, and obviousness are all at issue in

this case, the fact that Fairchild copied the patented circuit and the similarities between the

accused circuit and the one previously found to infringe are both relevant." (D.I. 303 Ex. 6C at

19) However, the Court will be addressing PI's allegation of willful infringement of its '366

patent by Fairchild in a separate order (granting Fairchild's motion for summary judgment of no

willfulness). With respect to inducement, the probative value is minimal, as PI's evidence relates

to a different product used at a different time, which is substantially outweighed by the risk of

unfair prejudice arising from the inflammatory nature of PI's "copying" evidence. *See VirnetX*,

767 F.3d at 1324-25. Secondary considerations of obviousness are not relevant because Fairchild

is not asserting an obviousness defense to the '366 patent. Hence, again, the Rule 403 balance

strongly disfavors admissibility of the challenged testimony.

Notwithstanding this Order, should PI believe that at trial Fairchild puts "at issue"

Fairchild's "design-around," PI may request that the Court reconsider its Order and permit PI to

challenge whether there was a design-around and whether it succeeded.

4.    PI's MIL 1, to preclude testimony from PI's prior expert (Mr. Blauschild), is

3

**GRANTED.** Blauschild's testimony has minimal if any probative value as it related to a different product; Blauschild did not have before him the (allegedly redesigned) product at issue here and never had an opportunity to express an opinion on that actual product. The risk of unfair prejudice to PI – having its own former expert used against it in snippets of testimony that would take great time and effort to place in context for the jury – substantially outweighs whatever minimal probative value it may have.[2]

5.      PI's MIL 2, to preclude Fairchild from violating the spirit of this Court's repeated orders striking as untimely material in Fairchild's supplemental contentions and expert reports, is **GRANTED**.[3] While evidence (e.g., factual testimony regarding how accused products work) is not inadmissible solely because it was cited in contentions and/or portions of an expert report that were later stricken, the Court agrees with PI that Fairchild "cannot . . . elicit testimony from fact witnesses (or from Dr. Kelley) in an attempt to back door infringement or validity contentions – whether made by Fairchild's expert, fact witnesses, or just argued by its counsel – that Fairchild is prohibited from making pursuant to the Court's orders." (D.I. 303 Ex. 7B at 12)

6.      PI's MIL 3, to preclude evidence or argument regarding the finding of direct infringement of the '972 patent by PI, is **GRANTED**. By separate Order, the Court has held that PI is precluded from relitigating the issue of whether the LinkSwitch-II chips when used in a power supply with a transformer infringe the '972 patent under the doctrine of equivalents. As

---

[2]Although Fairchild asserts that it relied on Blauschild's opinion in undertaking its redesign implementation, it does not dispute PI's contention that the redesign predates his testimony.

[3]The Court will rule by separate Order on Fairchild's objections to the Special Master's orders regarding motions to strike, which are discussed in the parties' briefing on PI's MIL 2.

this portion of Fairchild's induced infringement cause of action cannot be contested at trial, there is no probative value to the fact that a prior jury found such infringement. Yet there is a substantial risk of unfair prejudice to PI if it is portrayed as an adjudicated infringer of one of the patents-in-suit.[4]

**IT IS FURTHER ORDERED**, with respect to disputed provisions in the proposed pretrial order (*see* D.I. 303):

1.    PI's proposal on the disputed issue at page 5 is **ADOPTED** as the Court will not impose an arbitrary limit on the number of witnesses who may testify by deposition.

2.    PI's proposal on the disputed issue at pages 6-7 is **ADOPTED** as the Court will rule during trial on objections to expert testimony as beyond the scope of prior expert disclosures, with time for all such arguments to be charged to the party that does not prevail on the objection.

3.    PI's proposal on the disputed issue at the bottom of page 7 is **ADOPTED** as the Court will require all exhibits to be used in a party's rebuttal case to be listed, subject to exceptions for good cause or agreement of all parties.

4.    PI's proposal on the disputed issue at page 9 is **ADOPTED** as impeachment material may be shown to the jury at the time of impeachment.

5.    As indicated above, the Court intends to resolve the objective prong of any

---

[4]Fairchild insists that the evidence of PI's infringement is "highly relevant" to its willfulness allegations. In defending against PI's willfulness allegations, however, Fairchild takes the position that the Court should assess the objective prong of willfulness before trial (*see* D.I. 303 at 12-13) – an approach with which the Court agrees. The Court will discuss with the parties how it will assess Fairchild's showing on the objective prong prior to trial. Hence, as noted above (*see supra* n.1), it may be that no evidence going to the subjective prong of willfulness is going to be presented to the jury.

willfulness allegations prior to trial, consistent with the general outline provided by Fairchild at pages 12-13. The Court will discuss with the parties at the pretrial conference the specifics of how it will resolve issues relating to willfulness.

6.      Fairchild's proposal on the disputed issue at pages 13-14 is **ADOPTED** as a party will be charged time for all sides' arguments on objections a party raises to another party's exhibits, including demonstrative exhibits.

7.      Each side is allocated a maximum of twenty-one (21) hours for its trial presentation. Given the number of patents-in-suit and accused products, given the pretrial rulings the Court has made to date and will continue to make, and given the parties' requests for 20-23 hours per side, the Court believes it has provided each side with more than sufficient time to fairly and effectively present its case.

In addition to the MILs and the above disputes that are raised throughout the pretrial order, each side has presented an extensive number of "Other Matters for Resolution by the Court," a listing running to four pages of single-spaced text, without any context or response from the other side. Specifically, Fairchild lists ten issues and PI seven more. Many of these "other matters" could likely be characterized as untimely motions (for summary judgment or to exclude expert testimony) or additional motions in limine beyond the Court's limit of three per side.

Despite the Court's concern with the parties' approach, in hopes that resolution of some of these issues might prove helpful to the parties as they prepare for the pretrial conference and trial, **IT IS HEREBY FURTHER ORDERED** that:

1.      Any reference to the findings and results of the parties' previous litigations

(Fairchild issue 1) is **PRECLUDED** absent leave of the Court (which must be requested prior to any attempt to use such evidence) or agreement of all parties (which, if achieved, must be communicated to the Court prior to use of such evidence).

2. The parties are **PRECLUDED** from making arguments or presenting evidence that runs contrary to the Court's claim construction rulings (Fairchild issue 2).

3. Absent approval of the Court, all experts for all parties are **PRECLUDED** from testifying beyond the scope of their reports and contradicting the Court's orders (Fairchild issue 4).

4. All parties **MAY PROPOSE** appropriate redactions so that evidence is presented to the jury consistent with the Court's orders (Fairchild issue 9).

5. Fairchild is **PRECLUDED** from making any reference to PI's actions or practices regarding the filing of continuation patent applications, including any effort to elicit testimony or suggest anything regarding PI's motives in filing continuations (PI issue 6).

The parties shall be prepared to address all remaining disputes, including those listed as "Other Matters" that are not resolved by this Order, as well as any pending motions, objections, or requests for relief, at the pretrial conference tomorrow.

HON. LEONARD P. STARK
UNITED STATES DISTRICT COURT