# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FAIRCHILD SEMICONDUCTOR CORPORATION and FAIRCHILD (TAIWAN) CORPORATION, : : : : Plaintiffs, : : v. : : POWER INTEGRATIONS, INC., : : Defendant. : : | C.A. No. 12-540-LPS |

## MEMORANDUM ORDER

At Wilmington this 24th day of April, 2015,

**IT IS HEREBY ORDERED** that:

A. <u>Fairchild's Motion for Reargument</u>

Plaintiffs Fairchild Semiconductor Corp. and Fairchild (Taiwan) Corp.'s ("Fairchild") Motion for Reargument (D.I. 299) is **DENIED**.

Pursuant to Local Rule 7.1.5, a motion for reconsideration or reargument should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998);

1

*Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).

A party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

Fairchild's motion is directed to the Court's April 15 decision to grant summary judgment to Defendant Power Integrations, Inc. ("PI") relating to priority on PI's '457 patent. (*See* D.I. 295; D.I. 296) In particular, Fairchild contends that the Court's finding that PI provided proof of reasonable diligence in reducing the invention of the '457 patent to practice after conception "is based on a mistake of apprehension not supported by the law or facts." (D.I. 299 at 2) Fairchild further contends that "the greatest misapprehension of fact" is that "there is *no evidence in the record to support the conclusion that Mr. Kung worked diligently on the project from the time the idea was brought to him until July 31, 2009*." (*Id.* at 3) (emphasis in original) Additionally, Fairchild faults the Court for relying on "speculative expert testimony and baseless attorney argument." (*Id.* at 7)

2

The Court concludes that Fairchild has failed to demonstrate that this is one of the rare circumstances in which reargument should be granted. The Court carefully reviewed the large record the parties put before it in connection with the '457 priority date issue, analyzed the briefing, and heard extensive oral argument on the issue (which assisted the Court in understanding the evidence). Having done so, and having weighed the evidence – including expert opinion as to what is demonstrated by other evidence of record, including (but not limited to) laboratory notebooks and inventor depositions – the Court concluded that no genuine dispute of fact remained and that a reasonable juror could only conclude that PI had proven, by the applicable standard, *reasonable* diligence. In this regard, the Court also relied on Fairchild's repeated representations that the issue could and should be resolved as a matter of law and need not be put before the jury, a position Fairchild did not retract at or after the hearing (at least until the Court issued its decision). Most of what Fairchild argues was before the Court previously and the Court will not now "rethink" its decision. *See Samuel v. Carroll*, 505 F. Supp. 2d 256, 262 (D. Del. 2007). While Fairchild may eventually be able to show that the Court erred in its reasoning, Fairchild has failed to show that the Court *clearly* erred, misapprehended an issue of law or fact, or that its decision results in manifest injustice.

Accordingly, Fairchild's motion is denied.

B.    <u>Fairchild's Objections to Special Master Orders</u>

On January 13, 2015, the Court ordered that any disputes the parties may have in preparing a form of order to implement the Court's ruling granting PI's motion to strike Fairchild's untimely contentions would be referred to a special master. (D.I. 183) At the same time, the Court indicated that "any further discovery disputes in this matter . . . will be referred to

3

a special master." (*Id.*) As such disputes arose, the Court on January 30, 2015, appointed Allen M. Terrell, Jr., as special master. (D.I. 205) Through extensive efforts, which included reviewing briefing, expert reports, prior decisions of the Court, and hearing lengthy and repeated oral argument from the parties, the special master ultimately issued seven orders.[1] Fairchild has objected to several of the special masters' orders. For the reasons stated below, Fairchild's objections are **OVERRULED** and the Special Master's Orders are **ADOPTED**.

1. Legal Standards

Pursuant to Federal Rule of Civil Procedure 53(f)(3), the Court "must decide de novo all objections to findings of fact made or recommended by a master." Further, the Court "must decide de novo all objections to conclusions of law made or recommended by a master." Fed. R. Civ. P. 53(f)(4). "[T]he court may set aside a master's ruling on a procedural matter only for an abuse of discretion." Fed. R. Civ. P. 53(f)(5); *see also Honeywell Int'l, Inc. v. Nikon Corp.*, 2009 WL 577274, at *1 (D. Del. Mar. 4, 2009). The Court "may receive evidence." Fed. R. Civ. P. 53(f)(1). After reviewing the objections according to the applicable standard of review, and following any additional proceedings the Court deems necessary, the Court "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." *Id.*

2. Objections regarding Orders on PI's motion to strike

Fairchild contends that the Special Master's ruling on PI's motion to strike Fairchild's expert report "was factually and legally erroneous" and "requests that the Court wholly reject the ruling." (D.I. 286 at 1) The Court disagrees and instead wholly adopts Special Master Orders 1,

---

[1] The Court expresses its gratitude to Special Master Terrell for the work he has performed on behalf of the Court.

4

2, 3, 4 and 5. (D.I. 219, 251, 253, 269, 270) The rulings to which Fairchild objects are procedural matters and the record reveals no abuse of discretion by the Special Master. Even if de novo review is applied, the Court disagrees with Fairchild that a paragraph-by-paragraph analysis was necessary and further disagrees with Fairchild's contention that the Special Master failed to undertake such an analysis. (*See, e.g.*, D.I. 269 at 7-10) As importantly, the Court entirely agrees with PI that the Special Master's decisions in connection with PI's motion to strike were all consistent with what the Court ordered and envisioned when it advised the parties how it was proceeding with respect to PI's motion to strike. (*See, e.g.*, D.I. 311 at 5)[2] Finally,

---

[2]Fairchild asserts: "The Special Master wrongly accepted the idea that the issue before it was an 'all-or-nothing' proposition centered on a 'single dispute.' As this Court made clear in its Orders, the proper analysis was to compare the revised reports with the timely contentions to determine whether the reports are 'limited to and consistent with [Fairchild's] timely contentions submitted prior to the close of fact discovery.' (D.I. 162; D.I. 183)" (D.I. 286 at 2-3) The Court does not understand how Fairchild could divine such instruction from the cited Orders of the Court (or any others).

D.I. 162 reads, in its entirety, as follows (with emphasis added):

> ORAL ORDER: Having reviewed the parties' most recent letters regarding Fairchild's contentions in this matter, as well as the related filings, and having heard oral argument on the issue on October 3, 2014, IT IS HEREBY ORDERED that, in light of all the facts and circumstances, for the reasons stated below as well as those stated during the recent teleconference, ***Defendant Power Integrations' ("Power") position is more reasonable than Plaintiff Fairchild's***. For example, Fairchild provides no persuasive reason for changing its identification of certain structures in its May 2014 infringement contentions, or for citing new prior art in its supplemental invalidity contentions well after the close of fact discovery in December 2013. Moreover, Fairchild cannot avoid the boundaries of its timely infringement contentions by not disclosing the substance of its doctrine of equivalents and structural equivalents contentions until its Corrected Opening Expert Report of Dr. Collins in September 2014. This conclusion is supported by application of the Pennypack factors, as: Power

5

would be prejudiced by allowing Fairchild to proceed on its untimely contentions, which would likely lead to loss of the current trial date and the necessity for additional expensive discovery, and could potentially require additional claim construction proceedings; Power could not cure the prejudice without undue expense and/or delay, including disruption of the currently-scheduled May/June 2015 trial; while the Court does not find Fairchild acted in bad faith, it did willfully proceed on timing in conflict with the Court's scheduling order for fact discovery, and there was no express agreement from Power to allow Fairchild to so proceed; and while Fairchild will lose some "critical" evidence, it may proceed on its timely-filed contentions. Accordingly, ***having previously advised the parties that the Court intended (after the now-completed supplemental briefing) to side with whichever of the two positions was most reasonable***, the Court GRANTS Power's motion to strike, finding this not to be an "extreme" sanction under the circumstances. ***As proposed by Power***, Fairchild is permitted to ***provide new expert reports limited to and consistent with its timely contentions submitted prior to the close of fact discovery***. The parties shall SUBMIT a proposed order modifying the scheduling order, while keeping this case on track for the currently-scheduled trial, no later than October 27, 2014.

D.I. 183 reads, in its entirety, as follows (with emphasis added):

> ORAL ORDER: IT HEREBY ORDERED that PI's motion to strike Fairchild's reliance on untimely contentions (D.I. 171) is GRANTED. The Court ***agrees with PI*** (see D.I. 168) that this issue was already decided when the Court evaluated the parties' dispute over Fairchild's contentions (see D.I. 162). At that time ***the Court gave both sides fair warning that it would adopt whichever side's position was the more reasonable as a whole***. Fairchild understood (or at minimum should have understood) what was at stake at that time yet continued to request that nothing be stricken, a position the Court found to be less reasonable than PI's position. ***Fairchild's interpretation of the Court's prior order is unconvincing***, for reasons including that the analysis of the Pennypack factors contained in the prior order ***plainly contemplated that the untimely contentions were no longer to be asserted in this proceeding in any form***. IT IS FURTHER ORDERED that PI's request to sanction Fairchild and its counsel

6

it bears emphasis that when the Court indicated in its oral order that Fairchild "could provide new expert reports limited to and consistent with its timely contentions" (D.I. 162) it was *adopting a proposal of PI's* and was, therefore, only permitting "new expert reports" from Fairchild to address solely those contentions that PI agreed were timely.

3. Objections regarding Order on Fairchild's motion to strike

On March 2, 2015, Fairchild filed a motion to strike what it contended were untimely contentions in PI's expert report. (*See* D.I. 255, 258) The Court referred Fairchild's motion to the Special Master on March 13. (D.I. 263) Thereafter, the Special Master reviewed the briefing that had been filed with the Court as well as additional submissions from the parties and heard lengthy argument. On March 31, the Special Master issued Order No. 6, which found for Fairchild only to the extent that it strikes portions of PI's expert reports that are irrelevant because they are responsive to opinions of Fairchild's experts that have been stricken. (*See, e.g*, D.I. 274 at 3-5) Fairchild objects to the Special Master's decisions. (*See* D.I. 287)

Fairchild's objections are **OVERRULED** and the Court **ADOPTS** Special Master Order No. 6. (D.I. 274) To the extent Fairchild is objecting to the procedure and form of analysis undertaken by the Special Master (*see* D.I. 287 at 1-3), the Court finds no abuse of discretion. Even applying de novo review, the Court agrees with the Special Master in all respects,

---

(D.I. 168 at 3) is DENIED as unwarranted under the totality of the circumstances. Finally, the parties SHALL, no later than January 16, submit a proposed form of order implementing the Court's ruling on the motion to strike, with the level of detail provided in PI's previously-proposed form of order (D.I. 169). Any disputes as to the details of the form of order, or any further discovery-related disputes in this matter, will be referred to a special master.

including, for example, that Dr. Kelley has not expressed certain opinions Fairchild attributes to him (*see, e.g.*, D.I. 274 at 3 ¶¶ 1-2), that Dr. Kelley's rebuttal opinions on secondary considerations are responsive to Fairchild's Dr. Wei's opinions, and Fairchild never sought discovery on secondary considerations with specificity (*see, e.g., id.* at 4 ¶ 6; *see also* D.I. 305 at 7-8).

                                                      /s/ Leonard P. Stark
                                          HON. LEONARD P. STARK
                                          UNITED STATES DISTRICT COURT