# Exhibit A

| | |
|---|---|
| **From:** | Ondrick, Christina A. <christinaondrick@paulhastings.com> |
| **Sent:** | Wednesday, June 17, 2015 3:36 PM |
| **To:** | Michael Headley; Frank Scherkenbach |
| **Cc:** | Jacobs, Blair M. |
| **Subject:** | FV - Draft Joint Status Report and Form of Order |
| **Attachments:** | Draft Joint Status Report - Fairchild portion only.docx; FV Proposed Form of Order.docx |

Michael,

Please see Fairchild's proposal for the joint status report as well as the proposed order. We should have a brief call tomorrow to discuss the process of integrating the two sections and getting this to the Court. Let us know when you are available early morning your time.

We have seen joint status reports in the form of letters and more formal pleadings. We prefer using the more formal format. I can put that together tomorrow when we combine the parties' sections.

Christina

_____



**Christina Ondrick | Of Counsel**
Paul Hastings LLP | 875 15th Street, N.W., Washington, DC 20005 | Direct: +1.202.551.1953 | Main: +1.202.551.1700 | Fax: +1.202.551.0453 |
christinaondrick@paulhastings.com | www.paulhastings.com

********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

**Joint Statement:**

Pursuant to the Court's direction in open court on June 5, 2015 and the Court's June 16, 2015 Order, the parties submit this joint statement pursuant to the Court's request.

The Pretrial Order (D.I. 303) set the briefing schedule for all post-trial motions, including renewed motions for judgment as a matter of law and motions for new trial, as follows:

- Opening briefs shall be filed by August 12, 2015;
- Responsive briefs shall be filed by September 14, 2015; and
- Reply briefs shall be filed by October 5, 2015.

**Fairchild's Statement:**

The trial proceeded with two distinct cases tried before the jury:

Case 1: Power Integrations' inducement of infringement of Fairchild's '972 patent; and

Case 2: Power Integrations assertion that Fairchild infringed three Power Integrations (one of which, the '366 patent, Power Integrations withdrew mid-trial).

Fairchild addresses these cases separately for ease of reference.

Case 1: Power Integrations' Infringement of Fairchild's '972 Patent:

Fairchild will not be filing any JMOL or new trial motions on the case concerning Fairchild's '972 patent, as the jury found that Power Integrations induced infringement of the '972 patent and awarded damages for that infringement and sufficient evidence supports this finding.

Fairchild intends to file at least the following motions as a result of Power Integrations' inducing acts, which have continued beyond the jury verdict.

    1.    *Fairchild's Motion for a Permanent Injunction*

First, Fairchild intends to file a motion for a permanent injunction. 35 U.S.C § 283; *eBay Inc. v. MercExchange LLC*, 547 U.S. 388, 391 (2006). Power Integrations has continued to infringe Fairchild's '972 patent since the 2012 infringement verdict in *Fairchild II*. Undeterred by the prior finding of infringement, Power Integrations continued to directly infringe and induce infringement of the '972 patent to Fairchild's detriment. Power Integrations continues to make make, use, sell, and offer for sale in the U.S. and import into the U.S. LinkSwitch-II products for incorporation into power supplies with transformers. Power Integrations further continues to urge and encourage others make, use, sell, or offer for sale in the U.S. or import into the U.S. power supplies containing the LinkSwitch-II products. Power Integrations disrespect for Fairchild's patent rights must be stopped.

Power Integrations has shown a callous disregard for Fairchild's patent rights and this Court's equitable powers after each jury verdict of infringement concerning the '972 patent. For

example, after the *Fairchild II* verdict, Power Integrations told customers (*i.e.*, customers that put Power Integrations' infringing LinkSwitch-II in a power supply with a transformer) that they were unaffected by the infringement verdict and thus continued to encourage them to infringe. *See* http://investors.power.com/files/doc news/Power-Integrations-Reports-Verdict-in-Patent-Case-Against-Fairchild-Semiconductor.pdf). More recently, after the *Fairchild V* verdict, Power Integrations publicly proclaimed to customers and others that Power Integrations "does not anticipate any disruption in the supply of LinkSwitch-II products" despite the verdict on inducement. (*See* http://investors.power.com/files /doc_news/Power-Integrations-Announces-Further-Infringement-Findings-Against-Fairchild-Semiconductor.pdf).

Fairchild has been irreparably harmed by Power Integrations' infringement and will continue to be irreparably harmed going forward in the absence of an injunction. Fairchild products practice the '972 patent when placed in a power supply with a transformer. Fairchild is in direct competition with Power Integrations at power supply manufacturers and other customers for business opportunities that put Power Integrations' infringing LinkSwitch-II products in a power supply with a transformer. More specifically, Power Integrations competes with Fairchild, including for "design-win" contracts, whereby a third-party contracts with a supplier (that is, Fairchild or Power Integrations) to design the supplier's products into the third party's products, essentially locking in that third party's business for years. As the evidence at trial showed, Power Integrations' inducing actions have continued to lock up third party opportunities for years. Fairchild is irreparably harmed by Power Integrations gaining "design wins" using technology that infringes Fairchild's '972 patent. As this Court has previously recognized, Fairchild and Power Integrations "view each other as among their most important competitors in the relevant market and have lost business to one another." *Fairchild II*, D.I. 793 at 3. Further, the harms Fairchild will suffer are not reparable by remedies available at law. The damages to Fairchild's reputation as innovator and incumbency effect of Power Integrations defeating Fairchild for "design-wins" cannot be fully compensated by payment of damages. Further, Power Integrations' contention that it is no longer actively promoting the LinkSwitch-II demonstrates that the harm Power Integrations would suffer as a result of the entry of an injunction does not outweigh the harm Fairchild would suffer in the absence of an injunction.

2. *Fairchild's Alternative Motion for a Post-Verdict Royalty*

Should the Court decline to enter an injunction for Power Integrations' infringement of the '972 patent, Fairchild intends to ask the Court for a post-verdict ongoing royalty. An ongoing royalty is proper as patent infringement damages may be based on sales made after the Court enters its judgment. 35 U.S.C § 284; *Finjan Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1212-13 (Fed. Cir. 2010). The ongoing royalty rate, including whether it should be increased beyond the jury's verdict, is a matter within the Court's discretion. *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1314-15 (Fed. Cir. 2007). Fairchild intends to ask the Court to order Power Integrations to pay an increased ongoing royalty in light of the post-verdict change in the parties' bargaining positions and resulting change the economic circumstances. Fairchild also intends to ask the Court to order Power Integrations to provide Fairchild with quarterly reports on the sales of the relevant products. *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1362 (Fed. Cir. 2008).

3.  *Fairchild's Motion for an Accounting*

Fairchild also intends to seek an accounting on the damages owed to Fairchild by Power Integrations. 35 U.S.C § 284; *Finjan*, 626 F.3d at 1212. The damages award in this case was limited due to the discovery cutoff in this case. Fairchild preserved the right to seek an accounting both in the Complaint and in the Pretrial Order. Fairchild presumes that Power Integrations will voluntarily provide the updated sales information for the accounting given the parties' past practices but Power Integrations has yet to affirm it will cooperate.

4.  *Fairchild's Motions for Pre-Judgment and Post-Judgment Interest*

Fairchild also intends to file a motion for pre-judgment interest. Prejudgment interest should generally be awarded and this Court routinely awards prejudgment interest following a verdict of patent infringement. *LG Display Co. Ltd. v. AU Optronics Corp.*, 722 F.Supp. 2d 466, 475 (D. Del. 2010). As such, when this Court enters final judgment, it should also enter an award of prejudgment interest in order to properly compensate Fairchild for Power Integrations' infringement.

Fairchild further intends to file a motion for post-judgment interest at the appropriate time. 28 U.S.C. § 1961.

5.  *Fairchild's Motion for Attorneys' Fees and Costs*

Fairchild also intends to file a motion for attorneys' fees. A "court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An "exceptional" case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014). "Section 285 demands a simple discretionary inquiry; it imposes no specific evidentiary burden, much less a high one." *Id.* at 1758. Power Integrations continued to encourage infringement Fairchild's '972 patent despite the prior finding of infringement in *Fairchild II* and has issued two press releases telling customers to keep on infringing and not worry about the infringement verdicts (cited *supra*). In *Fairchild II*, Power Integrations never contended that its actions did not constitute inducement. Indeed, in that case, Power Integrations contended that the actions undertaken by both companies constituted inducement. If Power Integrations had simply told customers to stop infringing the '972 patent after the *Fairchild II* verdict, Fairchild would not have been forced to sue again on this patent. Instead, Power Integrations continued to induce customers to infringe with full knowledge of the inducement and the customer's infringement. Further, Power Integrations' defense to inducement was manifestly unreasonable and continually morphed throughout the trial thus demonstrating that Power Integrations had no defense at all to inducement.

Fairchild further seeks costs associated with litigation of the '972 patent pursuant to 35 U.S.C. § 284, F.R.C.P. 54(d)(1) and 28 U.S.C. § 1920.

Case 2: Power Integrations' Patents:

Should the Court deem Rule 50(a) JMOL motions on these patents timely,[1] Fairchild intends to file a motion that it does not infringe claims 29 and 31 of Power Integrations' '359 patent, at least because Fairchild's FAN6756 is never dormant for a first period of time and because the drive signal generator is not rendered dormant in the manner required by the claims. Any assertion of equivalents is legally and factually erroneous and results in claim vitiation. Important testimony regarding application of the claim scope to the accused product was not provided by Power Integrations' expert, Dr. Kelley, who admitted he needed to further analyze the relevant part of the schematics for this critical claim element and did not identify the actual structure responsible for rendering dormant the drive signal generator. Trial Tr. 1813:4-1814:24; *see also* Trial Tr. 2032:6-2035:2 (stating that the feedback signal, not the sleep signal, shuts down the oscillator).

Fairchild also intends to file a motion that the '457 patent is invalid in view of the prior art of record.

Fairchild will not respond to Power Integrations' argument for JMOL or new trial contained in this Status Report. Fairchild will respond when Power Integrations makes its arguments in the appropriate briefing, to the extent authorized by the Court.

**Power Integrations' Statement:**

---

[1] During trial, counsel for Power Integrations raised a question regarding the timeliness of Rule 50(a) JMOL motions on Power Integrations' patents. Trial Tr. at 2099:7-8. Fairchild agrees that questions exist and will abide by the Court's guidance on this issue.