Case 1:12-cv-00540-LPS   Document 464   Filed 08/26/15   Page 1 of 3 PageID #: 26398

# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

August 26, 2015

The Honorable Chief Judge Leonard P. Stark                VIA ELECTRONIC FILING
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

    Re:   *Fairchild Semiconductor Corporation, et al. v. Power Integrations, Inc.,*
           C.A. No. 12-540-LPS

Dear Chief Judge Stark,

    I write in response to Power Integrations' letter of today's date (D.I. 462), which improperly requests that the Court strike three of Fairchild's four recent motions, all of which were timely filed on Friday August 21, 2015: (1) Fairchild's motion for an accounting (D.I. 452); (2) Fairchild's motion for prejudgment and post-judgment interest (D.I. 453); and (3) Fairchild's motion for permanent injunction (D.I. 455). Power argues that these motions were untimely filed. But both Court's and parties' filings show none of the challenged motions were to be filed by the date Power Integrations suggest.. Accordingly, Fairchild respectfully requests that the Court deny Power's request.

    First, Power's suggestion that it understood the deadline for "all post-trial motions" to be August 12, 2015 cannot be squared with its own June 18, 2015 status report, in which it advised the Court that not all motions would be filed by August 12:

> Briefing schedule: Power Integrations agrees that the following schedule as set forth in the pretrial order applies to post-trial motions **like renewed motions for JMOL and motions for new trial**:
> - Opening briefs shall be filed by August 12, 2015;
> - Responsive briefs shall be filed by September 14, 2015; and
> - Reply briefs shall be filed by October 5, 2015.
>
> However, **Power Integrations does not believe the parties intended to burden the Court or each other in the near term with every conceivable motion that might be addressed as part of this case at some point in the future**. Nor does Power Integrations believe the Court, at the conclusion of trial, asked for an identification of any post-trial motions other than Rule 50 and Rule 59 motions. It would be inefficient, for obvious reasons, for the Court to entertain all potential motions of any kind, including essentially all of the '972-related motions Fairchild has identified in its own separate submission,

{01038961;v1 }

> while substantial predicate issues of liability and damages remain subject to substantive challenge in forthcoming Rule 50/59 motions.

D.I. 412 (Power Integrations' June 18, 2014 Status Report at 1-2, emphasis added). Consistent with this understanding, Power did not include its motion for permanent injunction in the list of proposed post-trial motions in its June 18, 2015 status report.

Second, Fairchild's June 18, 2015 status report (D.I. 411) is consistent with the understanding that Power expressed in Power's status report quoted above. Fairchild, like Power, explicitly referenced only "renewed motions for judgment as a matter of law and motions for new trial" as being filed on August 12, 2105 (D.I. 411 at 1), and the mere fact that Fairchild used the word "including" rather than "like" when referring to JMOL/new trial motions cannot fairly be read to sweep in the three motions Power now asks the Court to strike.[1]

Third, the Court's July 10, 2015 letter expressing Your Honor's preliminary views on the parties' proposed post-trial motions (D.I. 415) also made clear that the Court did not expect the parties to file anything other than motions for judgment as a matter of law and new trial motions on the August 12, 2015 deadline for post-trial motions: "I do not here express any views as to any other post-trial motions **that may eventually be filed**." (D.I. 415 at 1, emphasis added)

In sum, none of the Court's or parties' actions support the interpretation that Power now advances. Instead, Power's letter appears to be an improper attempt to prejudice Fairchild by leveraging Power's own premature filing of a permanent injunction motion[2] (which was not disclosed as one of the post-trial motions it intended to file in its June 18th status report) into a tactical advantage by now seeking to preclude Fairchild from filing a motion for permanent injunction, and motions for an accounting and prejudgment and post-judgment interest. Accordingly, Fairchild respectfully requests that the Court deny Power's request.[3]

---

[1] In addition, the fact that Fairchild included its motions for accounting, prejudgment and post-judgment interest, and permanent injunction in its list of intended motions in the June 18th status report cannot be read to require that such motions had to be filed on August 12, 2015. This is because that same list also included Fairchild's motion for attorneys' fees (D.I. 411 at 4), which Power acknowledges was not due on August 12th (presumably, since Power's own motion for fees was not filed until August 21, 2015). See D.I. 462 at footnote 1.

[2] In the California case between these parties, Judge Chesney dismissed as premature Power's motion for permanent injunction that it filed on the deadline for JMOL/new trial motions, granting leave to refile the motion after the JMOL/new trial motions were decided. (D.I. 582 in C.A. No. [insert Civil Action Number for California case].

[3] The issue raised in Power's letter also has resulted in a complication with respect to the deadline for Fairchild's response to Power's motion for permanent injunction, because Fairchild believes its response is due on Monday August 31, 2015 (pursuant to the applicable local rule), while Power takes the position that Fairchild's response is not due until September 14, 2015 (pursuant to the agreed-upon schedule for post-trial motions). To date, the parties have been unable to agree to a stipulated extension of the date on which Fairchild's response to Power motion for permanent injunction is due, but Fairchild believes the parties will be able to resolve the issue without burdening the Court once the Court has resolved Power's request to strike Fairchild's motions.

The Honorable Chief Judge Leonard P. Stark
August 26, 2015
Page 3 of 3

           Respectfully,

           */s/ John G. Day*

           John G. Day (#2403)

JGD/nml

cc: All Counsel of Record (via electronic mail)