IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FAIRCHILD SEMICONDUCTOR
CORPORATION and FAIRCHILD
(TAIWAN) CORPORATION

                Plaintiffs,                 C.A. No. 12-540-LPS

    v.

POWER INTEGRATIONS, INC.,

                Defendant.

# JOINT STATUS REPORT

**I.**     **Joint Introductory Statement:**

Pursuant to the Court's order (D.I. 484), the parties submit this joint statement regarding outstanding issues still requiring the attention of the Court and "any remaining order(s) it should enter in this case and how, if at all, it should proceed." (*Id.*) The parties agree that the Court did not invite the parties to respond in detail to one another's motions identified below, and the parties will respond to any such motions at the appropriate time.

**II.**     **Fairchild's Statement:**

Fairchild previously filed four post-trial motions that the Court denied without prejudice pending resolution of JMOL and new trial motions:

- Fairchild's Motion for an Accounting and Supplemental Damages (D.I. 452)
- Fairchild's Motion for Prejudgment and Post-Judgment Interest (D.I. 453)
- Fairchild's Motion for Attorney Fees and Costs (D.I. 454)
- Fairchild's Motion for Permanent Injunction or Ongoing Royalty (D.I. 455)

Fairchild intends to renew all four motions and believes that a short hearing would be helpful in resolving these important issues. Power Integrations contends that it would be a waste of the parties' resources to entertain Fairchild's motion for injunctive relief. This argument fails on multiple fronts.

It is particularly important for the Court to hear Fairchild's renewed motion for injunctive relief for several reasons. First, significant new evidence was introduced in the most recent trial and confirmed Power Integrations' long history of blatantly inducing infringement of the '972 patent. The harm suffered by Fairchild, therefore, is substantially different in 2016 than it was in 2014, as witnessed by Power Integrations' refusal to stop selling the infringing LinkSwitch-II product

after having been found to infringe the '972 patent on two separate occasions by two separate juries. The evidence regarding the graveness of harm caused by recidivistic infringement is thus different today than it was two years ago. Moreover, in discussing the balancing of harms in *Fairchild II*, the Court concluded that the balancing of interests weighed against injunction because the products were "important to Power and its business." *Fairchild II*, D.I. 792 (Permanent Injunction Hearing Tr.) at 137:8-10. As the Court will recall, Power Integrations' misguided defense against inducement in the *Fairchild V* trial relied, in part, on Power Integrations' representations from top executives that they actively told customers not to buy the LinkSwitch-II products, though the evidence ultimately proved otherwise. In any event, there are many new facts and evidence that must be weighed in assessing Fairchild's renewed motion for injunctive relief. Beyond this, the same motion contains an alternative argument that if injunctive relief is denied, then Fairchild is entitled to an ongoing royalty because Power refuses, even today, to withdraw the infringing LinkSwitch-II from the market. So even if Power Integrations is correct (and it is not) that the circumstances regarding injunctive relief are identical here and in *Fairchild II*, there are separate and distinct reasons warranting entertaining Fairchild's motion for injunctive relief on the '972 patent.

Fairchild thus respectfully requests that the Court order Power Integrations to provide Fairchild with updated financial information concerning sales of the infringing LinkSwitch-II products no later than April 8, 2016. Such information is required for Fairchild's Motion for an Accounting and also has relevance to Fairchild's alternative request for an ongoing royalty.

Power Integrations has presented no exigent circumstances or argument warranting diverting from the standard post-trial course of action, and its request to stay an accounting pending appeal must be denied. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1380-81 (Fed. Cir. 2013) (finding a patentee is entitled to a post-verdict infringement accounting); *Edward Life Sciences AG. V. Corevalve, Inc.* 2011 WL446203, at *16 (D. Del. Feb. 7, 2011) (granting Edwards' request for an accounting of the number of infringing devices made, used, sold, offered for sale, imported or supplied in or from the United States and corresponding revenue from date of verdict through the date of the Court's order). Moreover, all other "accounting" issues under 28 U.S.C. §1292(c)(2) have been decided, such as willful infringement and patent damages, and there is no reason to defer the accounting Fairchild seeks.

Fairchild also request that the Court set the following briefing schedule for the four Fairchild motions and one Power Integrations motion requiring resolution:

| **Brief** | **Due Date** |
|---|---|
| Opening Briefs | April 20 |
| Opposition Briefs | May 4 |
| Reply Briefs | May 18 |

While Fairchild is sympathetic to Power Integrations' scheduling conflicts, the law firm of Fish & Richardson is large, with hundreds of attorneys who can ensure that Power Integrations is

adequately represented in responding to <u>renewed motions</u> that Power Integrations has had in its possession for several months already. There is no reason to further postpone justice in this case. The schedule proposed by Fairchild allows ample time for further modification of any papers, while also ensuring the expeditious resolution of all outstanding issues and entry of Final Judgment. In the meantime, Fairchild will work with Power Integrations to determine whether agreement can be reached regarding the prejudgment interest issue, and, if the parties are able to reach agreement resulting in a stipulation, that motion can be withdrawn as moot. Again, there is no good reason to postpone these issues for months on end as justice requires an efficient and expedient resolution of all post-trial issues.

### III.    Power Integrations' Statement

Power Integrations previously filed two post-trial motions that the Court denied without prejudice pending the resolution of JMOL and new trial motions (D.I. 465): a motion requesting injunctive relief (D.I. 439) and a motion requesting a determination that this case is exceptional and seeking an award of fees and costs (D.I. 447). Power Integrations intends to renew its exceptional case motion, but Power Integrations does not presently intend to renew its motion for injunctive relief specifically on the '359 patent because the products found to infringe the '359 patent in this case are already subject to an injunction in the parties' prior litigation (08-cv-309-LPS, the *Fairchild II* case). Thus, while Power Integrations believes injunctive relief on the '359 patent is otherwise justified, there is no need for the Court to address that question now given the unique circumstances.

Similarly, it would be a waste of Court and party resources for the Court to entertain Fairchild's putative motion requesting injunctive relief on its '972 patent. The parties already briefed Fairchild's request for injunctive relief on the same patent several years ago in the *Fairchild II* case, and the Court denied Fairchild's request at that time. Since that time, and notwithstanding Fairchild's recitation above, the facts have not improved Fairchild's case for injunctive relief. The same facts that defeated Fairchild's request for an injunction in the prior case still apply with equal or greater force: Fairchild has licensed the '972 patent to at least one direct competitor and Fairchild failed to enforce the '972 patent after accusing another direct competitor of infringement. In addition, not only has the PTO finally rejected each of the asserted claims of the '972 patent in view of Power Integrations' prior work but those findings have now been confirmed by the Board on appeal. Thus, Power Integrations believes any renewed request for injunctive relief by Fairchild would be futile and vexatious.

As to Fairchild's intention to seek (in the alternative) an accounting on the '972, Power Integrations suggests the Court defer consideration of that issue until after the appeals in *Fairchild II* and in this case are decided. As the Court is aware, the case can be appealed even if an accounting has not occurred. 28 U.S.C. 1292(c)(2). If Power Integrations prevails on the merits in either appeal, an accounting would be moot. For the same reason, Fairchild's request that Power Integrations be required to produce additional sales information pertaining to the LinkSwitch-II is premature at best.

Otherwise, the only issue in this case (on both sides) is prejudgment interest. This is a simple issue, and Power Integrations would hope the parties can stipulate to appropriate amounts without need of motion practice. Power Integrations suggests the Court set a reasonable

deadline, perhaps 60 days from the date the Court issues an order in response to this report, by which the parties either submit such a stipulation or file their motions on this issue.  If the Court is inclined to entertain further motions and briefing, however, Power Integrations would request that any opposition briefing not be due until May 27 in view of Power Integrations' lead counsel's scheduling conflicts in other cases, including a trial scheduled to begin in this District on May 2.

| | |
|---|---|
| */s/ John G. Day* | */s/ William J. Marsden* |
| _____ | _____ |
| ASHBY & GEDDES | FISH & RICHARDSON P.C. |
| John G. Day (#2403) | William J. Marsden, Jr. (#2247) |
| Lauren E. Maguire (#4261) | 222 Delaware Avenue, 17th Floor |
| Andrew C. Mayo (#5207) | Wilmington, DE 19801 |
| 500 Delaware Avenue, 8th Floor | (302) 652-5070 |
| P.O. Box 1150 | marsden@fr.com |
| Wilmington, DE  19899 | |
| (302) 654-1888 | Frank E. Scherkenbach |
| jday@ashby-geddes.com | 1 Marina Park Drive |
| lmaguire@ashby-geddes.com | Boston, MA 02210 |
| amayo@ashby-geddes.com | 617-542-5070 |
| | |
| PAUL HASTINGS LLP | Howard G. Pollack |
| Blair M. Jacobs | Michael R. Headley |
| Christina A. Ondrick | 500 Arguello Street, Suite 500 |
| 875 14th Street, NW | Redwood City, CA 94063 |
| Washington, DC 20005 | 650-839-5070 |
| 202-551-1700 | |
| *Attorneys for Fairchild* | *Attorneys for Power Integrations* |