**ASHBY & GEDDES**

ATTORNEYS AND COUNSELLORS AT LAW
500 DELAWARE AVENUE
P. O. BOX 1150
WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

July 26, 2017

The Honorable Chief Judge Leonard P. Stark        VIA ELECTRONIC FILING
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Re:   *Fairchild Semiconductor Corporation, et al. v. Power Integrations, Inc.*,
      C.A. No. 12-540-LPS

Dear Chief Judge Stark:

Power Integrations has filed a defective notice of appeal and seeks improperly and prematurely to divest this Court of jurisdiction. Fairchild asks the Court to strike Power Integrations' notice of appeal, and to retain jurisdiction over the case. Exercising that jurisdiction, this Court (and the parties) should then litigate the already-acknowledged unresolved issues before an appeal is taken. That is how the system is supposed to work. Indeed, that is how this Court and the parties were intending to proceed as recently as last week. The only thing that has changed is that Power Integrations—now—seeks a "hurry up" appeal without having resolved all issues in the case to finality

**Background**

On June 5, 2015, a jury found that Fairchild induces infringement of claims 29 and 31 of Power Integrations' U.S. Patent No. 7,995,359 (the '359 patent). D.I. 403 at 2. On December 12, 2016, the Federal Circuit issued its opinion on the appeal in the related case that was previously tried in this District, C.A. No. 08-309-LPS. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315 (Fed. Cir. 2016). In its opinion, the Federal Circuit held that the same inducement jury instruction "incorrectly stated the law on inducement." *Id.* at 1319. On June 16, 2017, the parties jointly filed a letter with the Court, stating "the parties request a status conference in the 12-540 matter to address the import of the Federal Circuit's opinion in the 08-309 matter." D.I. 527 at 1. On July 11, 2017, the parties filed a joint status report. D.I. 530. Power Integrations stated:

> Because the Federal Circuit's ruling ***also has implications for the inducement finding against Fairchild with respect to Power Integrations' '359 patent***, given that finding is premised on the same jury instruction the Federal Circuit has now modified, Power Integrations proposes to dismiss its inducement claim on the '359 patent without prejudice to allow the remainder of the 12-540 case to go up on appeal….

*Id.* at 1-2 (emphasis supplied). On July 12, 2017, the parties held a status conference with the Court. D.I. 528. During this status conference, the Court stated:

> ***So I think realistically the two options I'm considering are the motions practice or, alternatively, an agreed upon plan to have a bench trial on that remaining patent.***

The Honorable Chief Judge Leonard P. Stark
Page 2

> But I will give you all, as I say, until next Friday -- by that, I mean a week from Friday to get me a status report with your updated thoughts about that.

Ex. A at 26:10-15 (emphasis supplied).

Thereafter, Power Integrations provided Fairchild with a draft the joint status report on July 17, 2017 suggesting steps for resolving the outstanding inducement issue concerning the '359 patent. Power Integrations stated that "the **sole outstanding issue remaining** from the joint status report is Power Integrations' inducement claim with respect to the its '359 patent. As discussed during the teleconference, Power Integrations has proposed to dismiss its inducement claim on the '359 patent without prejudice. Assuming that Fairchild maintains its opposition to dismissal without prejudice and insists on dismissal with prejudice instead, ***Power Integrations proposes to file, by August 4, a motion to dismiss the '359 patent without prejudice and to amend the current judgment with respect to the '359 patent accordingly.***" Ex. B (bold in original) (emphasis added in bold and italics).

Fairchild provided its draft portion of the joint status report on July 20, 2017 indicating Fairchild's agreement with the need for motion practice. Ex. C. The following day, Power Integrations shifted course and filed a notice of appeal in this case. D.I. 532. That notice of appeal identifies no judgment or order less than a year old. Later that same day, Power Integrations sent Fairchild a revised joint status report referencing the notice of appeal. Ex. D.

On July 24, 2017, in response to Fairchild's request for an identification of a final judgment, Power Integrations responded: "The parties have had a judgment in hand since Aug. 7, 2015 (D.I. 427), and the Court just ruled on our last Rule 60 motion on July 13, 2017 (D.I. 531)." Ex. E. That Rule 60 motion was filed on December 16, 2016, more than a year after the judgment. No final judgment has been entered in this case, and Power Integrations has not moved for entry of one. Nor has Power Integrations moved for certification under Rule 54(b).

**Argument**

The Court should strike Power Integrations' notice of appeal (D.I. 532) as it is premature and defective because (1) there is no final judgment or Rule 54(b) certification in this case; (2) the Court is currently considering the proper resolution of unresolved issues concerning Power Integrations' inducement claim for the '359 patent; and (3) it is untimely under Federal Rule of Appellate Procedure ("FRAP") Rule 4(a)(1).

This Court still possesses jurisdiction over this case given the patently defective nature of Power Integrations' notice of appeal. Fed. R. Civ. P. 58; s*ee also Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008). The absence of final judgment alone renders Power Integrations' notice defective. This Court's pending consideration of the proper resolution of Power Integrations' inducement claim for the '359 patent confirms that no final appealable decision exists. "A final judgment ends the litigation on the merits and leaves **nothing** for the [district] court to do but execute the judgment." *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1311 (Fed. Cir. 2009) (citation omitted); *see also SafeTCare Mfg., Inc. v. Tele–Made, Inc.*, 497 F.3d 1262, 1267 (Fed. Cir. 2007). Here, the unresolved issues relating to the inducement claim for the '359 patent demonstrate that substantive issues remain and require resolution in this case. Specifically, at least two substantive issues remain unresolved: (1) whether Fairchild has induced infringement of the '359 patent, an issue which can only be answered by a properly instructed jury unless Power

The Honorable Chief Judge Leonard P. Stark
Page 3

Integrations dismisses those allegations with prejudice; and (2) the impact of the '359 patent inducement finding on the jury's damages award in this case.

The unresolved nature of these issues was confirmed during the July 12, 2017 status conference, when the Court stated it was determining "how to proceed" on these remaining substantive issues. Ex. A at 25:12-24, 26:10-15. The Court explained that two options for moving forward were "the motions practice or, alternatively, an agreed upon plan to have a bench trial on that remaining patent." *Id*. These statements would have made no sense, and indeed there would have been no need to "move forward," if final judgment had been entered and if the case was ready for appeal. To that end, neither the Court nor Power Integrations indicated during the July 12 status conference that judgment was final or that the inducement claim for the '359 patent could be appealed in lieu of resolution by the Court. Power Integrations' comments during the status report process further confirm that the Court needed to resolve the '359 patent issues ***before*** the case could go forward on appeal. D.I. 530 at 1-2 ("Power Integrations proposes to dismiss its inducement claim on the '359 patent without prejudice *to allow the remainder of the 12-540 case to go up on appeal*."). Nothing in the record indicates that final judgment has been entered and recent actions by both the Court and Power Integrations demonstrate that certain issues still require resolution before such judgment may be entered.[1] The absence of final judgment renders Power Integrations' notice defective and Fairchild's motion to strike should be granted. *See In re Finova Captial Corp.*, 2006 WL 997817 (D. Del. April 13, 2006).

Moreover, the notice of appeal is separately and distinctly defective because it is untimely on its face. Tellingly, Power Integrations' notice of appeal makes no effort at identifying any final judgment in this case—as there is none—but instead vaguely cites to appealable Court orders from over a year ago. D.I. 532 at 1. There is no more recent judgment or recent order cited by Power Integrations in its notice of appeal. FRAP 4(a)(1)(A) states that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Power Integrations has not pointed to any appealable order or judgment that has issued within the past 30 days and Fairchild is not aware of any such order. So, either Power Integrations waived appellate rights by failing to file a timely notice of appeal within 30 days following entry of the orders listed in their notice of appeal or, in the alternative, no appealable final judgment exists. Power Integrations' notice of appeal should be struck as defective for this separate reason as well. *Williams v. Vilsack*, 669 F. Supp. 2d 16 (D.D.C. 2009);.

The record is thus clear that unresolved substantive issues require resolution and/or that Power Integrations' notice of appeal is not timely. If Power Integrations' defective notice of appeal is not struck, the result would the very type of piecemeal appeals that the rules of finality are designed to prevent. *Nystrom v. TREX Co.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003). Therefore, Fairchild respectfully requests that the Court strike Power Integrations' defective notice of appeal to allow for resolution of all issues concerning the '359 patent claim.

---

[1] The lack of an appealable final judgment in this case is further confirmed by the parties' past practice with this Court. Specifically, all past cases between the parties before this Court have included a separate final judgment order entered by the Court after the parties submitted proposed forms of final judgment with the Court. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l*, Case No. 04-1371-LPS, D.I. 793 (court ordering submission of proposed forms of final judgment), D.I. 798 (final judgment), D.I. 800 (corrected final judgment); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l,* Case No. 08-309-LPS, D.I. 819 (final judgment under Rule 54(b)).

The Honorable Chief Judge Leonard P. Stark
Page 4

.

                    Respectfully,

                    */s/ John G. Day*

                    John G. Day (#2403)

cc:    All Counsel of Record (via electronic mail)

{01230924;v1 }