# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

FAIRCHILD SEMICONDUCTOR :
CORPORATION, and FAIRCHILD :
(TAIWAN) CORPORATION, :
 :
                Plaintiffs, :
 : C.A. No. 12-540-LPS
              v. :
 :
POWER INTEGRATIONS, INC., :
 :
                Defendant. :

John G. Day and Andrew C. Mayo, ASHBY & GEDDES, Wilmington, DE.

Blair M. Jacobs, Christina A. Ondrick, and Patrick J. Stafford, PAUL HASTINGS LLP, Washington, DC.

    Attorneys for Plaintiffs Fairchild Semiconductor Corporation and Fairchild (Taiwan) Corporation.

Joseph B. Warden, FISH & RICHARDSON, P.C., Wilmington, DE.

Frank E. Scherkenbach, FISH & RICHARDSON, P.C., Boston, MA.

Howard G. Pollack and Michael R. Headley, FISH & RICHARDSON, P.C., Redwood City, CA.

    Attorneys for Defendant Power Integrations, Inc.

**MEMORANDUM OPINION**

March 16, 2018
Wilmington, Delaware


**STARK, U.S. District Judge:**

The Court held an eight-day jury trial in this patent infringement case in May and June 2015. (*See generally* D.I. 376-403) Both parties asserted patents against one another. At the conclusion of the trial, the jury returned a verdict. (*See* D.I. 402) Most pertinent here is the verdict with respect to Defendant Power Integrations, Inc.'s ("Power") U.S. Patent No. 7,995,359 (the "'359 patent"). The jury found that Plaintiffs Fairchild Semiconductor Corporation and Fairchild (Taiwan) Corporation (collectively, "Fairchild") directly infringed claims 29 and 31 of the '359 patent under the doctrine of equivalents and indirectly infringed the same claims by actively inducing infringement and contributing to infringement of the same, and awarded Power $100,000 for this infringement. (*See id.* at 2-3, 6) On August 7, 2015, the Court entered judgment on this verdict. (*See* D.I. 427 at 2) After much additional litigation – including the Federal Circuit's decision that a jury instruction used in yet another trial between these same parties, and used in this case as well, was erroneous – Defendant Power now moves for entry of final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure as to induced infringement of the '359 patent. (*See* D.I. 552) For the reasons explained below, the Court will deny Power's motion.

**I.    BACKGROUND**

This case is one of many patent infringement suits, in this Court and others, involving the same parties. In one related case, *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., et al.*, C.A. No. 08-309 (D. Del.) (hereinafter referred to as the "Related Case"), the Court presided over a patent infringement jury trial in April 2012. In the Related Case, Fairchild and Power proposed competing jury instructions for indirect infringement through active

1

inducement, and the Court ultimately adopted Power's proposal in large part.[1]  (C.A. No. 08-309 D.I. 575)  *See also Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1330 (Fed. Cir. 2016) ("*Fairchild II*").

In the instant case, Fairchild used the Court's final jury instructions from the Related Case as the source for most of its proposed jury instructions, including the one for "active inducement," even though Fairchild had previously objected to this instruction when Power offered it in the Related Case.  (*See* D.I. 320)  The Court ultimately adopted the same jury instruction for "active inducement" as it had used in the Related Case.[2]  (*See* D.I. 400 at 29-30)

Following the jury trial in this case and the Court's entry of judgment, the Federal Circuit on December 12, 2016 issued an opinion in an appeal of the Related Case.  *See Fairchild II*, 843 F.3d 1315 (Fed. Cir. 2016).  Relevant to the pending motion, the Federal Circuit vacated the jury's verdict on induced infringement, because this Court's jury instruction in the Related Case misstated the law on active inducement.  *See id.* at 1329.

In the Related Case, this Court had adopted an instruction on induced infringement that provided in part, with respect to direct infringement by third parties:

> However, that infringement need not have been actually caused by

---

[1]The jury instruction regarding indirect infringement through active inducement was briefed following the pretrial conference.  In its brief, Power faulted Fairchild for omitting the very language that is now at issue here – that is, the language regarding whether direct infringement needs to have been actually caused by the accused infringer's actions.  (C.A. No. 08-309 D.I. 556 at 4)  In the Related Case, Fairchild defended its proposed instruction for "mak[ing] clear that inducement requires direct infringement by another," whereas Power's "proposal does not make this distinction as clearly as Fairchild's."  (C.A. No. 08-309 D.I. 554 at 3)

[2]In this case, the Court's jury instruction for "active inducement" also included an additional instruction about willful blindness and a specific instruction for active inducement of a different patent not at issue here.  (*See* D.I. 400 at 30)  But those additions are not at issue here.

> the party's actions. All that is required is that the party took steps
> to encourage or assist that infringement, regardless of whether that
> encouragement succeeded, or was even received.

*Id.* at 1330.

The Federal Circuit explained, however, that "[t]o prevail under a theory of indirect infringement, [one] must first prove that [the other's] actions led to direct infringement of the [patents-in-suit]." *Fairchild II*, 843 F.3d at 1331. Therefore, "a finding of induced infringement requires actual inducement." *Id.* The Federal Circuit held that this Court's instruction "left the jury with the incorrect understanding that a party may be liable for induced infringement even where it does not successfully communicate with and induce a third-party direct infringer." *Id.* at 1330-31. As this Court's instruction was a misstatement of the law on actual inducement, the Federal Circuit vacated the verdict in the Related Case. *See id.* at 1332.

Following the Federal Circuit's decision, Fairchild advised the Court that this "ruling impacts the finding of induced infringement of [the '359 patent in the instant case] because the jury instruction concerning induced infringement in this case was identical to the jury instruction the Federal Circuit rejected in *Fairchild II*." (D.I. 521 at 1) Fairchild further informed the Court that it would work with Power in an "attempt to resolve this issue without motion practice." (*Id.*)

On June 16, 2017, the parties wrote to the Court to request a status conference "to address the import of the Federal Circuit's opinion" on this case. (D.I. 527 at 1) In a joint status report dated July 11, 2017, Power acknowledged "the Federal Circuit's ruling . . . has implications for the inducement finding against Fairchild with respect to [the] '359 patent, given that [the] finding is premised on the same jury instruction the Federal Circuit has now modified."

3

(D.I. 530 at 1; *see also* July 12, 2017 Tr. (D.I. 544) at 13 (Power "confess[ing]" that the Federal Circuit's decision impacted outcome here on '359 patent))  Power proposed dismissing the '359 patent without prejudice or, in the alternative, severing the patent from this case and moving it to the Related Case (where a new trial on remand from the appeal was necessary) for final resolution.  (*See* D.I. 530 at 1-2; July 12, 2017 Tr. at 14)  Fairchild strongly opposed both of Power's proposals.  (*See* D.I. 530 at 2-3; July 12, 2017 Tr. at 18-20)  During a teleconference on July 12, 2017, the Court and the parties discussed two other options – briefing a motion to dismiss with or without prejudice or scheduling a bench trial – and the Court then ordered the parties to submit a joint status report with their views by July 28.  (July 12, 2017 Tr. at 25)

Instead, on July 21, 2017, Power filed an appeal in the Federal Circuit (D.I. 532), which, on July 26, Fairchild moved to strike on the basis of lack of finality (D.I. 535).  On July 28, the parties submitted a contentious joint status report that did not address the two options proposed by the Court on July 12.  (D.I. 537)  During a September 11, 2017 teleconference concerning Fairchild's motion to strike, the Court decided to defer ruling on the motion as the Federal Circuit was at the same time considering whether to dismiss Power's appeal.  (Sept. 11, 2017 Tr. (D.I. 546) at 29-31)  But the Court also expressed its views that the case was not final with respect to Fairchild's inducement of infringement of Power's '359 patent, as there was work still to be done, as indicated by the discussion the parties had had with the Court in July.  (*See id.*)  On October 12, 2017, the Federal Circuit found that this case was not final and dismissed Power's appeal.  *See Fairchild (Taiwan) Corp. v. Power Integrations, Inc.*, Case No. 2017-2327,-2405, Dkt. 23 at 4 (Fed. Cir. Oct. 12, 2017).

On December 19, 2017, the parties submitted yet another joint status report.  (D.I. 550)

4

Power proposed that the appropriate course of action was to move for entry of final judgment. (*See id.* at 1) Fairchild proposed the Court's earlier suggestion of either proceeding with motion practice or a bench trial. (*See id.* at 2) Power indicated that it "would not waive its jury trial right." (*Id.* at 1) On December 28, 2017, the Court ordered that Power file a motion for entry of final judgment and, at the same time, set a three-day jury trial, if necessary, to begin on June 5, 2018. (D.I. 551)

Power filed its motion for final judgment on January 5, 2018 (D.I. 552, 553), Fairchild opposed on January 19 (D.I. 555), and Power filed a reply brief on February 2 (D.I. 558). The Court heard argument on the motion on February 27, 2018. (*See* D.I. 564 ("Tr."))

## II. LEGAL STANDARDS

A final judgment is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). As the Third Circuit has put it, a final judgment is "one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, ***ministerially***, the execution of the decree." *Isidor Paiewonsky Assocs., Inc. v. Sharp Props., Inc.*, 998 F.2d 145, 150 (3d Cir. 1993) (internal quotation marks omitted). Similarly, the Federal Circuit has stated that "whether an order constitutes a final judgment 'depends upon whether the judge has or has not clearly declared his intention in this respect in his opinion.'" *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1362 (Fed. Cir. 2003) (quoting *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 232 (1958)). "What essentially is required is some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as it is

5

concerned, is the end of the case." *Id.* at 1362-63 (internal quotation marks omitted).

## III. DISCUSSION

### A. Final Judgment

As an initial matter, the Court addresses Fairchild's contention that final judgment cannot be entered because no final decision exists regarding the '359 patent inducement claim. (*See* D.I. 555 at 5-7) In response, Power acknowledges that final judgment has not yet been entered but states that this is precisely why it has filed its motion for final judgment. (*See* D.I. 558 at 1)

The Federal Circuit has already addressed this issue in this case. *See Fairchild (Taiwan) Corp. v. Power Integrations, Inc.*, Case No. 2017-2327,-2405, Dkt. 23 at 4 (Fed. Cir. Oct. 12, 2017). The Federal Circuit stated that this Court said it "do[es] not believe that this case is over," "that there is work to be done on the '359 patent," and that "one will search the record in vain for a clear and unequivocal manifestation by the Trial Court of its belief that the decision made so far as it is concerned is the end of the case." *Id.* Thus, the Federal Circuit ruled that this Court "has not entered final judgment in this case, and it appears that no final determination has been rendered as to the induced infringement liability determination for the '359 patent and thus no final decision has been reached as to the damages for infringing that patent." *Id.*

Nothing in this case has changed between the date that the Federal Circuit's decision was rendered, October 12, 2017, and today. In fact, both parties agreed at the February 27, 2018 hearing that final judgment on this issue had not been reached. (*See* Tr. at 3, 18) Therefore, the issue of liability for induced infringement of the '359 patent has not yet reached final judgment.

This, however, does not end the inquiry of whether a motion for final judgment may be granted at this time. The Court will consider the parties' arguments regarding what may prevent

6

the Court from entering final judgment.

## B. Waiver of Objection to Inducement Instruction

Power argues that Fairchild "failed to preserve an objection to the inducement instruction" and further that Fairchild cannot demonstrate "plain error." (D.I. 553 at 4) Fairchild counters that an objection to the instruction in this case would have been futile, given the Court's prior ruling on the same highly-contested instruction (that Fairchild objected to and then appealed) in the Related Case. (*See* D.I. 555 at 8-9) Fairchild further argues that even if it did not preserve its objection to the jury instruction in this case, the instruction constitutes plain error. (*See* D.I. 555 at 10-11)

Under Federal Rule of Civil Procedure 51(d)(1)(A), "[a] party may assign as error [] an error in an instruction actually given, if that party properly objected." Otherwise, "[a] court may consider a plain error in the instructions that has not been preserved . . . if the error affects substantial rights." Fed. R. Civ. P. 51(d)(2).

"Pursuant to Rule 51, a party must object to jury instructions before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds for objection." *Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp.*, 459 F.3d 1311, 1317 (Fed. Cir. 2006) (internal quotation marks omitted). "A party seeking to alter a judgment based on erroneous jury instructions must establish that (1) it made a proper and timely objection to the jury instructions, (2) those instructions were legally erroneous, (3) the errors had prejudicial effect, and (4) it requested alternative instructions that would have remedied the error." *Id.* "Alternatively, a party may appeal a jury instruction upon a showing that it contains plain error that affects substantial rights not preserved under subsection (d)." *Id.* (citing Fed. R. Civ. P. 51(d)(2)).

It is undisputed that Fairchild did not object to the jury instruction on active inducement in ***this case***. Fairchild also does not dispute that it could have "dropped a footnote" in its proposed jury instructions in this case to preserve its prior objections made in the Related Case. (Tr. at 15-16) However, the Court agrees with Fairchild that such an objection would have been futile and it was appropriate for Fairchild not to have asked the Court to decide ***again*** one of the innumerable issues it had already decided in the Related Case between the parties. Fairchild's approach to this issue in this case was reasonable and preserved judicial resources. The Court sees nothing in Fairchild's conduct that should estop Fairchild from pressing the position it is advocating here.[3] *See generally Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 361 (3d Cir. 1996) ("[J]udicial estoppel is intended to prevent parties from playing fast and loose with the courts by asserting inconsistent positions," a situation the Court finds is not present here).

### C. Plain Error or Invited Error

Plain error is shown if (1) "the trial court committed error that was fundamental and highly prejudicial, such that the instructions failed to provide the jury with adequate guidance," and (2) "the District Court's refusal to consider the issue would result in a miscarriage of justice." *Alexander v. Riga*, 208 F.3d 419, 426 (3d Cir. 2000); *see also Harvey v. Plains Tp. Police Dept.*, 635 F.3d 606, 612 (3d Cir. 2011). "A jury instruction, taken as a whole, must

---

[3]Power points out that Fairchild was the plaintiff at the trial in this case and was asserting Power induced infringement of Fairchild's U.S. Patent No. 7,259,972. (D.I.553 at 3) The Court recognizes Fairchild had a self-interested motivation to advocate the instruction the Court had used in the Related Case, as it arguably made it easier for Fairchild to prove induced infringement. Whatever Fairchild's motives, however, the fact remains that its decision not to press a position it had lost under essentially identical circumstances in front of the same judge against the very same party was entirely proper and reasonable.

inform the jury of the correct legal standard." *Harvey*, 635 F.3d at 612. A review for plain error is discretionary and exercised sparingly. *See Alexander*, 208 F.3d at 427.

The Court finds that in the unusual circumstances presented here its induced infringement instruction was plain error. The Federal Circuit has already ruled in the Related Case that the identical jury instruction was legally erroneous and failed to provide the jury with adequate guidance. *See Fairchild II*, 843 F.3d at 1329-32. The parties are in agreement that the Court's instruction was wrong. (*See* Tr. at 7, 26) This is not a case where the Court merely omitted an instruction; rather, the Court instructed the jury incorrectly. *See Harvey*, 635 F.3d at 612. Consequently, the erroneous instruction makes it possible that the jury found active inducement of Power's '359 patent without finding (as the law but not the Court's instruction requires) Fairchild actually induced a third party to directly infringe. *See Fairchild II*, 843 F.3d at 1330-31. Fairchild emphasized the legally erroneous instruction to the jury in its closing argument (*see* D.I. 553 at 3; Tr. at 19, 25), illustrating its importance. Given this reality, and the related fact that induced infringement accounts for a large portion of the damages awarded to Power for Fairchild's infringement of the '359 patent (*see* July 12, 2017 Tr. at 17-18), the erroneous jury instruction was "fundamental because it affected [a] central element in dispute, and it was prejudicial because the jury may have reached a different result" had it been properly instructed. *Harvey*, 635 F.3d at 613.

Power argues that the Court's jury instructions as a whole made clear that inducement requires direct infringement by a third party, pointing to the Court's instruction on indirect infringement generally, an instruction which discusses both induced and contributory infringement. (*See* D.I. 553 at 4-5; June 5, 2015 Trial Tr. at 2080-81) "An erroneous jury

9

instruction may . . . be considered non-fundamental when, taking the instructions as a whole, the erroneous instruction is a solitary misstatement of the law buried in an otherwise correct legal explanation." *Harvey*, 635 F.3d at 612 (internal quotation marks omitted); *see also Ryder v. Westinghouse Elec. Corp.*, 128 F.3d 128, 137 (3d Cir. 1997) (concluding that "the multiplicity of correct statements negates the effect of the solitary erroneous utterance"). The Court is not persuaded by Power's position, for reasons including the importance of the instruction, as already explained. Moreover, in the appeal from the Related Case, the Federal Circuit rejected Power's argument that the correct portion of the jury instructions used there somehow overcame the two erroneous sentences. (*See Fairchild II* Tr. at 24-25)[4] The error here is not cured by a "multiplicity of correct statements."

Not correcting the erroneous jury instruction here would result in a miscarriage of justice. It would allow to stand a jury verdict that was almost certainly influenced by a key instruction that all parties now agree – as they must, given the ruling of the Court of Appeals – was erroneous. Power's several arguments to the contrary are unavailing.

First, Fairchild did not "invite error." Even though Fairchild did propose the jury instruction in this case, the instruction we now know was erroneous, it only did so because it had been defeated by Power when Fairchild extensively opposed the very same jury instruction in the Related Case.[5] The Third Circuit has "recognized an exception to the invited error doctrine

---

[4]Because Fairchild had objected to the instruction in the Related Case, the Federal Circuit did not have to assess whether the erroneous jury instruction was plain error. But everything about the Federal Circuit's analysis is consistent with the instruction being plain error.

[5]This case is unlike *United States v. Wilson-Garcia*, 309 Fed. App'x 633, 635-36 (3d Cir. 2009), on which Power relies (*see* D.I. 558 at 4), where the party proposing the erroneous instruction to which it later objected had not, like Fairchild, previously been defeated in its objection to that same instruction.

10

where a defendant submits proposed jury instructions in reliance on current law, and on direct appeal that law is declared constitutionally infirm." *Wilson-Garcia*, 309 Fed. App'x at 636 n.1 (internal quotation marks omitted). This case presents a similar situation and does not involve invited error.

Second, the Court disagrees with Power's suggestion that upholding a verdict based on an erroneous instruction would not constitute a miscarriage of justice here because the amount of damages at issue is only "$100,000 out of a case that is worth hundreds of millions," especially when it will "cost both parties way more than $100,000" to retry the issue. (Tr. at 7, 24) More pertinent than the amount of money involved is "the reputation of judicial proceedings if the error stands uncorrected." *Lesende v. Borrero*, 752 F.3d 324, 336 (3d Cir. 2014) (internal quotation marks omitted). Regardless of the amount of damages at stake in the claim affected by the erroneous instruction, or the prospective costs that (well-financed, heavily litigious) private parties will incur in retrying that claim, the Court concludes that it would be a manifest injustice for it to be a party to upholding a jury verdict here which is based on a legally flawed jury instruction.[6]

**D.    Resolution**

The Court concludes that the induced infringement jury instruction constituted plain error and was a miscarriage of justice. As such, the Court will deny Power's motion for entry of final judgment. This conclusion, however, still leaves for the Court the question of what to do next.

While Fairchild did not file a motion for any relief, in its brief opposing Power's motion,

---

[6]Power is certainly correct that not all mistakes are plain errors and that some mistakes can stand without resulting in a miscarriage of justice. (*See* Tr. at 8-9, 11, 23) But the erroneous jury instruction here is a plain error.

Fairchild stated that the Court should "deny Power Integrations' motion and should exercise its inherent power to resolve the outstanding '359 patent inducement claim by holding a new trial on that issue and any related damages issues." (D.I. 555 at 1) The parties now agree that if the Court denies Power's motion – as the Court has now done – the only option left is to order a new trial on inducement. (*See* Tr. at 13, 20, 22)[7] The Court agrees and will do so pursuant to its inherent authority.[8]

It is well-established that "so long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *see also State Nat'l Ins. Co. v. County of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) ("Apart from Rule 60(b), the District Court has the inherent power to reconsider prior interlocutory orders, . . . [which] depends on the District Court retaining jurisdiction over the case."); *see also Jusino v. Zayas*, 875 F.2d 986, 989 n.3 (1st Cir. 1989) ("The inherent power of a court to correct, within a reasonable time, a manifest error in its own interlocutory order was not completely displaced by the adoption of the Civil Rules.").

Since the Court's August 7, 2015 judgment as to the '359 patent is not final and the Court retains jurisdiction over the case, the Court may use its inherent power to treat Fairchild's request for a new trial as a motion for reconsideration. *See, e.g.*, *Black Bear Energy Servs., Inc.*

---

[7]Fairchild argues that another option is for Power to dismiss the claim with prejudice (*see* Tr. at 26-27), and that is correct, but Power is (reasonably) exercising its right not to do so. The Court has no basis to order Power to dismiss its claim – a claim on which, after all, it prevailed at the prior trial (albeit based on an erroneous jury instruction).

[8]The Court need not decide whether Federal Rules of Civil Procedure 59(a), 59(e), or 60(b) would also provide a basis for relief.

*v. Youngstown Pipe & Steel, LLC*, 2017 WL 2985432, at *4 (W.D. Pa. July 13, 2017). The "purpose" of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal quotation marks omitted).[9] A judgment may be altered or amended if there is a "need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* "When a jury instruction is erroneous, a new trial is warranted unless such error is harmless. An error is harmless if it is highly probable that the error did not contribute to the judgment." *Harvey*, 635 F.3d at 612 (internal citations and quotation marks omitted). Here, the Court has already determined that the jury instruction on active inducement was plain error that was prejudicial to Fairchild, resulting in a miscarriage of justice. Moreover, the Court does not believe it is highly probable that the error did not contribute to the judgment. Therefore, the Court will grant Fairchild's motion for reconsideration and order a new jury trial on the issues of induced infringement of the '359 patent and damages.

### E. Trial Schedule

A new three-day jury trial is currently scheduled to commence on June 5, 2018. (*See* D.I. 551) By letter dated March 7, 2018, the parties jointly proposed moving the trial to begin instead immediately after the trial in the Related Case, which is presently scheduled for November 5-9, 2018, as long as the two cases are tried before separate juries. (*See* D.I. 563) As discussed during the February 27, 2018 hearing, the Court is amenable to moving the trial to November to alleviate the burden on witnesses who need to travel to the Court to testify in both

---

[9] The Court has inherent authority to reconsider even if the Federal Circuit's *Fairchild II* decision is not a change in the law. The Court need not decide if that appellate decision constituted a change in the law.

13

trials. (*See* Tr. at 31) Thus, the Court will reschedule the jury trial on inducement of the '359 patent to commence on November 13, 2018, after the trial in the Related Case.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Power's motion for entry of final judgment and order a new jury trial on the issue of induced infringement of the '359 patent and damages for that infringement. An appropriate Order follows.