IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FAIRCHILD SEMICONDUCTOR CORPORATION, and FAIRCHILD (TAIWAN) CORPORATION, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | C.A. No. 12-540-LPS |
| POWER INTEGRATIONS, INC., | : : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Pending before the Court is Power Integrations Inc.'s ("PI") Motion to Preclude Evidence Under *Daubert* (D.I. 582) and Motion for Summary Judgment (D.I. 586). Having reviewed the parties' briefs, **IT IS HEREBY ORDERED** that both motions are **DENIED** for the following reasons:

1. As PI concedes (*see* D.I. 584 at 2 n.2), its *Daubert* motion is identical to the *Daubert* motion it recently filed in a related action, which was denied in its entirety. (*See* C.A. No. 08-309 D.I. 902, 966, 967 at 102-04) The Court adopts and incorporates by reference its analysis in denying the motion in the related case. (*See* C.A. No. 08-309 D.I. 967 at 102-04)

2. In short, the Court concludes that Dr. Handfield is sufficiently qualified to provide reliable and helpful testimony on the topics for which he has been offered. He is highly experienced with respect to supply chain management, as he is a preeminent figure in the field and has coauthored textbooks. Dr. Handfield need not have the very specific, particularized additional experience that PI insists is required, given (among other things) there is at least a reasonable factual basis to find that the relevant market is a subset within Dr. Handfield's area of

expertise.

3.  A reasonable jury could find that Dr. Handfield's opinion that nearly all companies lack visibility into their supply chain is supported by evidence. PI's concerns go to the weight the jury may choose to accord to his opinions, not their admissibility. Nor is the Court persuaded that Dr. Handfield is being offered improperly to usurp the role of the jury. Finally, as to PI's contention that Dr. Handfield applies the wrong legal standard on inducement, while the Court agrees with PI that inducement may be shown as to a class, the Court does not find that Dr. Handfield's opinions lack fit or will be unhelpful to the jury.

4.  PI's summary judgment motion is also similar to the summary judgment motion it recently filed in the same related action, which was also denied in its entirety. (*See* C.A. No. 08-309 D.I. 911, 966, 967 at 95-97) The Court adopts and incorporates by reference its analysis in denying the motion in the related case. (*See* C.A. No. 08-309 D.I. 967 at 95-97)

5.  In short, PI's seven proposed facts are stated in an incomplete and/or biased way. If the parties are unable to agree on uncontested facts while preparing the pretrial order, the Court will resolve their disputes in the context of motions *in limine*, disputes in the proposed pretrial order, or based on arguments about the admission of evidence at trial. PI has not persuaded the Court that it should enter summary judgment.

October 25, 2018  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT COURT