IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 12-540-LPS |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FAIRCHILD SEMICONDUCTOR | ) | |
| CORPORATION and FAIRCHILD (TAIWAN) | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants, | | |

**[PROPOSED] JOINT PRETRIAL ORDER**
(Induced Infringement of '359 Patent and Damages)

Counsel for Plaintiff
FISH & RICHARDSON P.C.
Douglas E. McCann (#3852)
Joseph B. Warden (#5401)
Warren K. Mabey Jr. (#5775)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070

FISH & RICHARDSON P.C.
Frank E. Scherkenbach
One Marina Park Drive
Boston, MA 02110-2804
Telephone: (617) 542-5070

Howard G. Pollack
Michael R. Headley
Neil Warren
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070

John W. Thornburg
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-4312

Counsel for Defendants
ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888

MORRISON & FOERSTER LLP
Colette Reiner Mayer
755 Page Mill Road
Palo Alto, CA 94304-1018
Telephone: (650) 813-5600

Scott F. Llewellyn
4200 Republic Plaza 370 Seventeenth Street
Denver, CO 80212-5638
Telephone: (303) 592-1500

Ryan J. Gatzemeyer
425 Market Street
San Francisco, CA 94105-2482
Telephone:  (415) 268-7000

# LIST OF EXHIBITS IN

## JOINT PRETRIAL ORDER

STATEMENT OF FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF

|  |  |  |
|---|---|---|
| Joint | -- | Exhibit 1 |

ISSUES OF FACT THAT REMAIN TO BE LITIGATED AND EXPECTED PROOFS

|  |  |  |
|---|---|---|
| Power Integrations | -- | Exhibit 2 |
| Defendants | -- | Exhibit 3 |

ISSUES OF LAW THAT REMAIN TO BE LITIGATED

|  |  |  |
|---|---|---|
| Power Integrations | -- | Exhibit 4 |
| Defendants | -- | Exhibit 5 |

WITNESSES

|  |  |  |
|---|---|---|
| Power Integrations | -- | Exhibit 6 |
| Defendants | -- | Exhibit 7 |

DEPO/TRIAL DESIGNATIONS

|  |  |  |
|---|---|---|
| Power Integrations | -- | Exhibit 8 |
| Defendants | -- | Exhibit 9 |

EXHIBITS

|  |  |  |
|---|---|---|
| Power Integrations | -- | Exhibit 10 |
| Defendants | -- | Exhibit 11 |

## VOLUME II

MOTIONS *IN LIMINE*

|  |  |  |
|---|---|---|
| Power Integrations MIL #1 | -- | Exhibit 12A |
| Power Integrations MIL #2 | -- | Exhibit 12B |
| Power Integrations MIL #3 | -- | Exhibit 12C |
| Defendants' MIL #1 | -- | Exhibit 13A |
| Defendants' MIL #2 | -- | Exhibit 13B |
| Defendants' MIL #3 | -- | Exhibit 13C |

DISCOVERY DESIGNATIONS

|  |  |  |
|---|---|---|
| Power Integrations | -- | Exhibit 14 |
| Defendants | -- | Exhibit 15 |

# TABLE OF CONTENTS

I.     NATURE OF THE CASE ..................................................................................1

II.    JURISDICTION ..............................................................................................3

III.   FACTS ............................................................................................................3

      A.    Uncontested Facts ..............................................................................3

      B.    Contested Facts .................................................................................4

IV.   ISSUES OF LAW ..........................................................................................4

V.    WITNESSES...................................................................................................4

      A.    Order of Proof....................................................................................4

      B.    List of Witnesses Power Integrations Expects to Call .............................5

      C.    List of Witnesses Defendants Expect to Call...........................................5

      D.    Agreed Upon Procedures for Live Witnesses...........................................5

      E.    Testimony by Designation .........................................................7

      F.    Impeachment....................................................................................10

      G.    Objections to Expert Testimony .............................................................10

VI.   EXHIBITS ...................................................................................................10

      A.    Exhibits ...........................................................................................10

      B.    Demonstratives .................................................................................13

VII.  DAMAGES...................................................................................................14

VIII. BIFURCATED TRIAL..................................................................................14

IX.   MOTIONS IN LIMINE .................................................................................15

X.    DISCOVERY ................................................................................................15

XI.   NUMBER OF JURORS ................................................................................15

XII.  NON-JURY TRIAL.......................................................................................16

XIII. LENGTH OF TRIAL.....................................................................................16

XIV.   MOTIONS FOR JUDGMENT AS A MATTER OF LAW ................................16

XV.    AMENDMENTS OF THE PLEADINGS ............................................................17

XVI.   ADDITIONAL MATTERS.................................................................................17

     A.   Jury Notes ..............................................................................................17

     B.   Handling of Confidential Information at Trial.........................................17

     C.   Federal Judicial Center Introduction to the Patent System Video ...........18

XVII.  SETTLEMENT ..................................................................................................18

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.

## I.  NATURE OF THE CASE

1.  This is an action for patent infringement.  The case originally included claims for infringement by both Fairchild Semiconductor Corp. and Fairchild (Taiwan) Corp. (collectively, "Defendants") and Power Integrations, Inc.[1]  The Court held an eight-day jury trial on both parties' infringement claims in May and June 2015.  *See generally* D.I. 376-403.  At trial, the jury found, among other things, that Defendants directly infringed, contributed to the infringement of, and induced others to infringe Power Integrations' U.S. Patent No. 7,995,359 ("the '359 patent").  D.I. 403.  The Court entered judgment in favor of Power Integrations with respect to Defendants' infringement of the '359 patent and denied all post-trial motions.  D.I. 427; D.I. 484.

2.  In another case between the parties, the Federal Circuit subsequently found error in the inducement jury instruction given to the jury.  *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1329-32 (Fed. Cir. 2016).  The Court vacated the verdict of induced infringement in that case because it held that the jury instruction misstated the law of induced infringement.  *Id.*  Because the same jury instruction was used in this case, this Court vacated the judgement as to Defendants' inducement of the '359 patent and the damages award associated with Defendant's induced infringement of the '359 patent, and ordered a new trial on those issues only.  D.I. 566 at ¶¶ 2-3.

3.  Thus the only issues remaining for this retrial is Power Integrations' claim that Defendants induce infringement of claims 29 and 31 of the '359 patent and damages, D.I. 565,

---

[1] The claims related to those patents are not at issue in this retrial and, therefore, the issues and procedural history related to those other patents are not discussed herein.

D.I. 566, as raised in Power Integrations' Answer to the First Amended Complaint and Counterclaims.  D.I. 11.

[[**Power Integrations' Statement**: Fairchild's statement below seems to suggests a belief that Power Integrations is not entitled to damages for Fairchild's adjudged direct and contributory infringement of the '359 patent, which are now firmly established in this case, even though the prior damages verdict on the '359 patent regarding direct and indirect infringement was vacated in its entirety pursuant to the court's order granting a new trial on inducement (D.I. 566).  Power Integrations does not believe the Court's one-page order vacating the inducement and damages verdicts was meant to suggest that Fairchild's adjudged infringement was somehow subject to a royalty-free license, and Fairchild did not file any motion to that effect (summary judgment, *Daubert*, or MIL).  Power Integrations does not believe a dispute over the phrasing to be used in the pretrial order presents a proper forum for Fairchild to raise this sort of issue.]]

[[**Defendants' Statement**: The Court's relevant order expressly stated that this new trial was limited to the issues of "induced infringement . . . and any damages from such infringement."  D.I. 566.  Accordingly, Defendants believe every reference to damages herein, including in the title, this paragraph three, paragraph 17, and elsewhere, should be "any damages from such infringement," consistent with the issues to be resolved at trial.  Fairchild believes PI's statement mischaracterizes Fairchild's position on this issue.]]

4.      Because the only issues remaining for retrial concern Power Integrations' assertion of infringement against Fairchild, Power Integrations will be referred to as the Plaintiff for the purpose of this retrial to minimize potential confusion to the jury.

5.      The technology in this case concerns integrated circuits, also known as "ICs" or chips, for use in power supplies for laptops notebooks, printers, and LCD monitors, to name a

few examples.  Specifically, the '359 patent relates to a control circuit for implementing an "unregulated dormant mode" in a power supply.

## II.    JURISDICTION

6.      This action arises under the patent laws of the United States, Title 35 U.S.C. § 1 *et seq*.

7.      Plaintiff Power Integrations, Inc. is a Delaware corporation having its principal place of business in San Jose, California.

8.      Defendant Fairchild Semiconductor Corporation is a Delaware corporation having its principal place of business in Phoenix, Arizona.

9.      Defendant Fairchild (Taiwan) Corporation is incorporated under the laws of Taiwan with its headquarters located in New Taipei City, Taiwan.  Fairchild (Taiwan) Corporation is a wholly-owned subsidiary of Fairchild Semiconductor International, Inc.  When this case was filed, Fairchild (Taiwan) Corporation was known as System General Corporation. On June 26, 2014, its name was changed to Fairchild (Taiwan) Corporation, and the case caption was amended accordingly.  *See* D.I. 166.

10.      The jurisdiction of the Court is not disputed.  The Court has subject matter jurisdiction pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a) and 2201(a).  No party disputes personal jurisdiction or venue.

## III.    FACTS

### A.    Uncontested Facts

11.      The facts stated in Exhibit 1 are not disputed or have been agreed to or stipulated to by the parties.

12.     Any party, with prior notice to all other parties, may read any or all of the uncontested facts to the jury and will be charged for the time used to do so.

### B.     Contested Facts

13.     Power Integrations' statement of issues of fact that remain to be litigated is attached as Exhibit 2.

14.     Defendants' statement of issues of fact that remain to be litigated is attached as Exhibit 3.

## IV.     ISSUES OF LAW

15.     Power Integrations' statement of issues of law that remain to be litigated is attached as Exhibit 4.

16.     Defendants' statement of issues of law that remain to be litigated is attached as Exhibit 5.

## V.     WITNESSES

### A.     Order of Proof

17.     The parties agree that the presentation of evidence will follow the burden of proof at trial, as follows:

- Opening Statements by Power Integrations followed by Defendants;

- Power Integrations' case-in-chief on induced infringement and damages;

- Defendants' responsive case on induced infringement and damages;

- Power Integrations' rebuttal on induced infringement and damages;

- Closing arguments by Power Integrations followed by Defendants, followed by Power Integrations' rebuttal closing.

**B.      List of Witnesses Power Integrations Expects to Call**

18.      Power Integrations' list of witnesses, including whether those witnesses will be called live at trial or introduced by designation, is attached hereto as Exhibit 6.  For Power Integrations' expert witnesses, Exhibit 6 contains a brief statement of anticipated subject matter.

**C.      List of Witnesses Defendants Expect to Call**

19.      Defendants' list of fact witnesses, including whether those witnesses will be called live at trial or introduced by designation, is attached hereto as Exhibit 7.  For Defendants' expert witnesses, Exhibit 7 contains a brief statement of anticipated subject matter.

**D.      Agreed Upon Procedures for Live Witnesses**

20.      Any witness not listed in Exhibits 6-7 will be precluded from testifying absent good cause.

21.      With the exception of expert witnesses and a corporate representative for each party, the parties agree that witnesses should be prevented from hearing the testimony of other witnesses pursuant to Federal Rules of Evidence 615.  Counsel for the parties shall notify one another by e-mail of their corporate representative no less than two days before the first day of trial—i.e., by Sunday, November 11, 2018.[2]

22.      No party shall be required to present live testimony from any witness on its list of live witnesses.

23.      Each party will provide the other with a final a list of witnesses it intends to call live at the trial by 10 a.m. Eastern on November 9, to provide the parties with sufficient time to

---

[2] Unless otherwise stated, notices or notifications pursuant to this order shall be provided no later than 6 pm Eastern Time on the dates stated and will be sufficient if provided by e-mail to a list including all the attorneys that have appeared in the action or a service e-mail address provided by the party.

provide designations of prior testimony for any witness originally identified as live but no longer on the final witness list.  Once a party has identified a witness on its final list, if the party later elects not to call that witness, it must make that witness available to be called by the other party, if the other party so chooses.  The other party may also elect to designate deposition testimony for the witness.

[[***Power Integrations' Statement***: Each party will provide the other party with a list, in order of presentation, of witnesses it intends to call live on direct examination by 7:00 p.m. two nights before those witnesses are intended to testify in Court. (For example, if a party intends to call a witness on Wednesday, that party shall disclose that witness's name to the opposing party no later than 7:00 p.m. on Monday.)  This list must also include those witnesses who are to be called by designation (whose designations will have been previously disclosed pursuant to the procedures described below), so as to disclose the order in which any witnesses called by designation shall appear. Each party shall be bound to call the witnesses identified in its list in the order and manner (*i.e.,* live or by agreement of the parties of for goof cause shown.]]

[[***Defendants' Statement***:  Beginning two days before trial, each party will provide the other party with notice, in expected order of presentation, of the next seven witnesses it intends to call live or by designation of prior testimony by 7:00 p.m. and in any event, each party shall provide the other party with at least two days' notice of any witness that it intends to call live. Nothing in the foregoing relieves a party of the obligations and exchanges discussed below regarding designated prior testimony.]]

### E.      Testimony by Designation

24.      Power Integrations' preliminary list of designations of prior testimony is attached hereto as Exhibit 8.

25.      Defendants' preliminary list of designations of prior testimony is attached hereto as Exhibit 9.

26.      The parties have agreed to address further objections, counter-designations, and counter-counter designations at a time closer to trial after the preliminary lists of designations have been narrowed.  The parties will continue to meet and confer in an effort to address and narrow their respective designations of prior testimony, including objections, and will file updated lists with the Court.

27.      Each party will provide the other with a list of final designations of prior testimony (from the previously designated testimony) that it intends to introduce by 6:00 p.m. three days before the date on which designations are intended to be used in court and a statement of the manner in which the prior testimony should be presented (i.e., video versus read deposition transcripts).  (For example, witnesses to be called by designation on Wednesday must be disclosed by 6:00 p.m. the preceding Sunday, along with their proposed testimony.)  The other side must identify any objections to the designated testimony and any counter designations no later than 5:00 p.m. two days before the date on which the designations are intended to be used in court.  The originally designating party may identify any objections or counter-counter designations by 7:00 pm that day.  All designations (but not counter-designations or counter-counter designations) must have been included in Exhibits 8 and 9.  The parties shall then meet and confer as to any objections and any disagreement regarding the manner in which testimony should be presented no later than 9:00 p.m. that day.  Any unresolved objections will be

7

submitted to the Court in a joint submission by 8:30 a.m. the next morning—i.e., one day before the date on which the designations are intended to be used in court.  The joint submission shall include:  (i) a copy of the entire proposed testimony of the witness at issue, clearly highlighting the designations and (ii) a cover letter identifying the pending objections, as well as a brief indication (no more than one sentence per objection) of the basis for objection and the offering party's response to the objection.

Either side may withdraw a designation at any time, particularly as the Court may resolve disputes about designated testimony on the day on which it is to be read or played.  The parties will work together in good faith to ensure that both sides can adjust designations or counter-designations accordingly.

Failure to comply with these procedures, absent an agreement by the parties or approval of the Court, will result in waiver of the use of the testimony or waiver of objection to the use of the testimony.

[[*Defendants' Statement*:  When identifying any counter designations to designated testimony two days before the date on which the designations are intended to be used in Court, the other side may also include an objection to the manner in which the testimony shall be presented.  When the parties meet and confer regarding any objections to designated testimony, the parties must also meet and confer regarding any disagreement regarding the manner in which testimony should be presented.  Any unresolved objections will be submitted to the Court in a joint submission by 8:30 a.m. the next morning.]]

[[*Power Integrations' Statement*: The manner of using counter-designations at trial shall be in the same manner (video versus read deposition transcripts) as that used for the designation sought to be rebutted, such that all designations, counter-designations, and rebuttal designations

8

will be played or read to the jury, as the case may be, as one consecutive segment in the order the

testimony appears in the transcript.  The party who initially proposes to offer testimony by

designation shall choose the method of offering the testimony, whether by read-in or by video.  If

a party offers video testimony, that party shall be responsible for including video portions of

counter-designated testimony that is designated as described in this section.  If a party does not

offer video testimony, that party need not offer video of the other party's counter-designations.]]

28.    By 6:00 pm of the day on which the designation is played, the party who initially

proposes the use of the deposition testimony will provide the Court with a joint statement

accounting of the time for each party's designations based on the parties' proportional share of

lines of testimony for read-in testimony and by actual time for video testimony so that the Court

may accurately charge time to the designating parties.

29.    For those witnesses whose prior deposition or trial testimony will be read or

played to the jury, the parties shall be permitted to make brief transition statements to introduce

the witnesses and their role in the litigation.  However, counsel shall not be permitted to argue or

comment on the evidence during transition statements.

30.    The parties have not identified or included designations for some witnesses that

the other party has previously represented will be testifying live.  Should either party

subsequently choose not to call a witness that it had previously identified as testifying live, the

parties agree that the witness may then be called by designation. The parties further agree that for

any such witness, the designating party will provide a list of final designations of prior testimony

that it intends to introduce by 6:00 p.m. three days before the date on which designations are

intended to be used in Court and a statement of the manner in which the prior testimony should

be presented (i.e., video versus read deposition transcripts).

F.      **Impeachment**

31.      The parties agree that any exhibit or prior testimony used only for purposes of impeachment need not be disclosed on the list of exhibits or deposition designations contained in this pretrial order.

G.      **Objections to Expert Testimony**

32.      The Court will rule at trial on objections to expert testimony as beyond the scope of prior expert disclosures.

[[***Power Integrations' Statement***:  The party losing on any objection shall be charged for all time spent on the objection.]]

[[***Defendants' Statement***:  Defendants leave it to the Court's discretion to charge time for objections as it deems appropriate and consistent with the Court's normal procedure.]]

VI.      **EXHIBITS**

A.      **Exhibits**

33.      Power Integrations' list of pre-marked exhibits to be offered at trial is attached hereto as Exhibit 10.

34.      Defendants' list of pre-marked exhibits to be offered at trial is attached hereto as Exhibit 11.

35.      Exhibits 10-11 contain the maximum universe of exhibits to be used in any party's case-in-chief, as well as all objections to the admission of such exhibits, neither of which shall be supplemented without approval of all parties or leave of the Court, on good cause shown.  A party may offer any exhibit appearing on either party's exhibit list, either in direct examination of its own witness or cross-examination of an adverse witness.

36.     No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit.  At some point before the completion of the witness's testimony, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number. Exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence.  Once admitted, counsel may publish exhibits to the jury without requesting to do so.

37.     A party will identify exhibits to be used in connection with direct examination by 6:00 p.m. the day before their intended use, and objections will be provided no later than 8:00 p.m. the day before their intended use.  If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the stand.

[[*Power Integrations' Statement*:  Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.]]

[[*Defendants' Statement*:  The parties shall seek to bring objections in good faith to the attention of the Court before testimony begins. Nonetheless, parties may make objections during the testimony of the witness or when an exhibit is introduced.]]

38.     Exhibits not objected to will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony, provided they are shown to a witness and moved into evidence as provided above.

39.     Legible photocopies of United States patents and the content of PTO file histories may be offered and received in evidence in lieu of certified copies thereof.  The parties stipulate

that, as to patents previously identified, the dates of filing and issuance shall be deemed to be shown on the face of the patent, subject to the right of the party against whom it is offered to adduce evidence to the contrary.

40.     Legible photocopies of printed publications (with agreed upon English translations thereof) may be offered and received in evidence in lieu of originals thereof.

The parties stipulate that a duplicate of any document or photograph may be marked for identification, and, if otherwise admissible, offered and received into evidence with the same force and effect as the original, subject to any and all objections as could be made to the original, and on condition that the original of any such duplicate, if within the custody or control of a party, be available for inspection at the trial upon reasonable notice.  The parties agree that, where available, a party may request that the opposing party use a color copy of an exhibit by giving notice of and a copy of the color exhibit to the opposing party by 8:00 pm the day before its intended use.

41.     The parties agree that documents produced during the discovery phase by the parties or from third parties under subpoena during the discovery phase of this litigation and identified in Exhibits 10-11 to this Order are presumed *prima facie* genuine and authentic. Nothing, however, shall prohibit a party from offering evidence to rebut the presumption.  To the extent a document appearing in Exhibits 10-11 was not produced during discovery, there is no presumption that such document is genuine and authentic.

42.     Any documents or deposition or portion thereof, not specifically identified herein or offered into evidence, may still be used at trial for purposes of impeachment or rehabilitation, if otherwise competent for such purposes.

43.     On or before the first day of trial, each party will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list corresponding to their respective final exhibit lists.

### B.     Demonstratives

44.     The parties will exchange demonstratives and a list of exhibits that it intends to use in opening statements by 8:00 p.m. two nights before opening statements.  The parties will provide any objections to such demonstratives and exhibits by 12:00 p.m. (noon) on the day before opening statements.

The parties shall meet and confer over objections no later than 4:00 pm the day before opening statements and provide any revisions to demonstratives or the proposed exhibit list based on the meet and confer no later than 8:00 pm the night before opening statements.

45.     Demonstratives to be used on direct examination will be exchanged pursuant to the procedures set forth below.  These provisions do not apply to demonstratives created during testimony or demonstratives to be used for cross-examination, neither of which need to be provided to the other side in advance of their use.

46.     A party will provide demonstrative exhibits to be used in connection with direct examination by 6:00 p.m. the day before their intended use, and objections will be provided not later than 8:00 p.m. the night before their intended use.  If any of the demonstratives changes after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).

47.     The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF or other electronic form labeled with the exhibit or demonstrative number.  Any demonstrative that includes an animation, flash file, or similar moving image shall be exchanged in a manner sufficient to permit the party to see the moving

images.  Exchange of large boards is not required, and these demonstrative exhibits may be exchanged in 8½" x 11" format with the PDF/electronic exhibits being exchanged at that same time.  In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony, and which contain no additional markings, commentary, or alterations, are not required to be provided to the other side in advance of their use.

48.     If good-faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention prior to the opening statements or prior to the applicable witness being called to the witness stand.  Failure to comply with these procedures, absent an agreement by the parties or approval by the Court, will result in waiver of the use of a demonstrative or waiver of objection to the demonstrative.  Nothing in the foregoing is a waiver of any objection to the testimony of a witness in connection with the demonstrative.

## VII.   DAMAGES

48.     At trial, Power Integrations will seek damages in the form of a reasonable royalty pursuant to 35 U.S.C. § 284, as set forth in its expert reports, as compensation for Defendants' infringement of the '359 patent, and interests, costs, and disbursements as justified under 35 U.S.C. § 284 and/or Federal Rule of Civil Procedure 54.  Defendants agree that Power Integrations may seek a reasonable royalty at trial.  Defendants disagree with respect to all the remaining elements of damages or relief identified above.

## VIII.   BIFURCATED TRIAL

49.     The parties do not seek a bifurcated trial.

## IX.    MOTIONS IN LIMINE

50.    The briefing for Power Integrations' motion *in limine* No. 1 is attached as Exhibit 12A.  The briefing for Power Integrations' motion *in limine* No. 2 is attached as Exhibit 12B.  The briefing for Power Integrations' motion *in limine* No. 3 is attached as Exhibit 12C.

51.    The briefing for Defendants' motion *in limine* No. 1 is attached as Exhibit 13A.  The briefing for Defendants' motion *in limine* No. 2 is attached as Exhibit 13B.  The briefing for Defendants' motion *in limine* No. 3 is attached as Exhibit 13C.

## X.    DISCOVERY

52.    Discovery has concluded.

53.    Power Integrations' preliminary list of designations of discovery responses to be read into evidence is attached hereto as Exhibit 14.

54.    Defendants' preliminary list of designations of discovery responses to be read into evidence is attached hereto as Exhibit 15.

55.    The parties reserve the right to move into evidence any discovery designation listed in Exhibits 14 or 15.

56.    Although the parties have not included separate objections to the other party's discovery designations, the parties stand on the objections made in the documents themselves.

57.    The parties will continue to meet and confer in an effort to address and narrow their respective designations of prior testimony, including objections, and will file updated lists with the Court.

## XI.    NUMBER OF JURORS

58.    There shall be eight jurors.  The Court will conduct jury selection through the "struck juror" method, beginning with the Court reading voir dire to the jury panel in the

courtroom, continuing by meeting with jurors individually in chambers and addressing any

challenges for cause, and concluding back in the courtroom with peremptory strikes.

## XII.   NON-JURY TRIAL

59.   This is a jury trial.  There are no non-jury issues to be tried.

## XIII.   LENGTH OF TRIAL

60.   The trial will be timed.  Unless otherwise ordered, time will be charged to a party

for its opening statement, direct and redirect examinations of witnesses it calls, cross-

examination of witnesses called by any other party, closing arguments, its arguments on any

motions for judgment as a matter of law, and all sides' arguments on objections a party raises

(outside the presence of the jury) to another party's exhibits and demonstrative exhibits.

61.   The Courtroom Deputy will keep a running total of trial time used by counsel.  If

any party uses all of its allotted trial time, the Court will terminate that party's trial presentation.

62.   The Court has allocated three (3) court days for this trial; this includes the time

needed to select the jury.  The time will be split equally between the two sides as determined by

the Court.

## XIV.   MOTIONS FOR JUDGMENT AS A MATTER OF LAW

63.   The parties will make motions for judgment as a matter of law ("JMOL") orally at

a subsequent break at the close of all evidence out of the presence of the jurors.  The Court can

then decide, based on the motions presented orally, whether to entertain argument or further

briefing.  In the alternative, and as a means to save time at trial, the parties may, at that time,

submit a written statement of no more than five (5) pages, stating the grounds on which they are

moving under Rule 50(a) and rely in part or in whole on the written submission.  The parties also

agree that any renewed JMOL motions will be addressed in connection with the schedule for post-trial briefing to be set by the Court.

## XV.  AMENDMENTS OF THE PLEADINGS

64.  Neither party intends to seek an amendment to the pleadings at this time.

## XVI.  ADDITIONAL MATTERS

### A.  Jury Notes

65.  The parties agree that the jurors be permitted to take handwritten notes during the presentations of the parties and that jurors be permitted to bring these notebooks and handwritten notes into the deliberation room.  The parties further propose that the jurors be instructed not to share the notebooks with each other (though they can discuss the contents of their notes) and that the notebooks be collected and destroyed after the verdict without review.  No later than 4 p.m. Eastern on Friday, November 9, 2018, the parties shall submit to the Court copies of a proposed juror notebook, which shall contain copies of the '359 patent, a tab for the preliminary jury instructions, a section for juror notes, and any other materials that the parties can jointly agree should be included.  During trial, the parties shall provide to the jury photographs of the witnesses who appear live as they appeared live as they appeared on the first day in which they testified.

### B.  Handling of Confidential Information at Trial

66.  The parties anticipate that the majority of the trial will be open to the public and not sealed unless a party specifically requests that a particularly sensitive portion be sealed.  If a party makes such a request, subject to the Court's approval, and for good cause shown, the courtroom shall be cleared of those individuals not qualified under the Protective Order entered

in this case, except that each party's corporate representative may remain in the courtroom throughout the entirety of trial.

### C.  Federal Judicial Center Introduction to the Patent System Video

67.   The parties have agreed to use an excerpted version of the patent video containing the portions relevant to the remaining issues in the case that are appropriate to be played as part of the Court's preliminary jury instructions.

## XVII.  SETTLEMENT

68.   The parties have engaged in a good faith effort to explore the resolution of the controversy by settlement, but have been unable to reach any agreement that would resolve this matter.  In particular, the parties have discussed resolution of their overall disputes both through business principals and through counsel.  Most recently, in August 2018, the parties agreed to again have high-level (i.e., CEO to CEO) discussions, and counsel are drafting a confidentiality agreement to facilitate those discussions.

**IT IS HEREBY ORDERED** that this order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.


DATED:  _____


_____
UNITED STATES DISTRICT JUDGE