# EXHIBIT 4

## POWER INTEGRATIONS' STATEMENT OF ISSUES OF LAW

Power Integrations identifies the below listed issues of law for trial, and the authorities on which it relies. To the extent that any issues of facts set forth in Exhibit 2 may be considered issues of law, Power Integrations incorporates those portions of Exhibit 2 by reference. In addition, Power Integrations makes no admission that any of the issues listed herein are not factual, requiring trial by jury. These issues of law may change based on the Court's decisions on various motions, including pending *Daubert* motion, motion for summary judgment, and motions *in limine*.[1]

1. Whether Fairchild has induced another to directly infringe Power Integrations' '359 patent. This is primarily an issue of fact; Power Integrations lists it for the purpose of describing the governing law.

Legal Authority: "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Active inducement requires proof that Fairchild "took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016). "The inducement knowledge requirement may be satisfied by a showing of actual knowledge or willful blindness." *Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1372 (Fed. Cir. 2015). Proof of causation is required, but it is sufficient for Power Integrations to prove that Fairchild induced its customer "as a class," and Power Integrations

---

[1] Power Integrations disputes that many of the issues identified in Defendants' Statement of Issues of Law (Exhibit 5) are, in fact, relevant issues of law that remain to be resolved, and further disputes Defendants' characterization of what the applicable law is on many of the identified issues. Power Integrations does not believe that this Pretrial Order is the appropriate forum for addressing those disputes, however, and Power Integrations will address those issues of law fully at the appropriate time, to the extent it becomes necessary to do so

need not directly link any affirmative acts by Fairchild to any particular act of direct infringement. *Power Integrations*, 843 F.3d at 1335. Circumstantial evidence is sufficient. *Id.* at 1331.

    2.    The amount of damages in the form of a reasonable royalty to which Power Integrations is entitled for Fairchild's induced infringement of Power Integrations' '359 patent. This is primarily an issue of fact; Power Integrations lists it for the purpose of describing the governing law.

    Legal Authority: "Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no even less than a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C. § 284. A reasonable royalty may be determined by imagining what a willing licensor and willing licensee would have agreed to at a "hypothetical negotiation" taking place just before the time of first infringement. *Wang Labs, Inc. v. Toshiba Corp.*, 993 F.2d 858, 870 (Fed. Cir. 1993). The amount of the royalty need not "be limited to specific instances of infringement proven with direct evidence" where in "real world licensing negotiations" the parties would have agreed to something different. *Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1334 (Fed. Cir. 2009). Where infringement occurs by importation of accused devices, it is sufficient for a reasonable royalty to be based on a reasonable estimate, using industry data, of the portion of worldwide sales of the accused products that are imported into the United States. *See Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 807 F.3d 1283 (Fed. Cir. 2015). To the extent there is any uncertainty about the amount of damages, any "doubts about the amount" should be resolved "against the infringer." *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1309 (Fed. Cir. 2006).

    3.    The rate of prejudgment interest to which Power Integrations is entitled.

Legal Authority: "Upon finding for the claimant the court shall award the claimant . . . interest and costs as fixed by the court." 35 U.S.C. § 284. The rate at which interest should be calculated is left to the discretion of the Court. *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991). In this district, the most common practice is to use the prime rate. *See, e.g.*, *Comcast IP Holdings I, LLC v. Spring Commc'ns Co.*, 2015 WL 4730899, at *10 (D. Del. 2015) (awarding pre-judgment interest at the prime rate and citing previous Delaware precedent for the prime rate).

4. The costs to which Power Integrations is entitled.

Legal Authority: "Upon finding for the claimant the court shall award the claimant . . . interest and costs as fixed by the court." 35 U.S.C. § 284. The process of deciding whether to award costs in a patent trial is no different than that employed in any other type of trial. *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996). Pursuant to Federal Rule of Civil Procedure 54(d)(1), costs must be awarded to the prevailing party as a matter of course, unless the court directs otherwise. *Id.*