# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL INC. and FAIRCHILD (TAIWAN) CORPORATION, Plaintiffs, v. POWER INTEGRATIONS INC. Defendants. | : : : : : : : : : : : : : | C.A. No. 12-540-LPS |

## MEMORANDUM ORDER

At Wilmington this **31st** day of **October, 2018:**

Having reviewed the proposed pretrial order submitted by Fairchild Semiconductor International Inc. and Fairchild (Taiwan) Corporation ("Fairchild" or "Defendants") and Power Integrations, Inc. ("PI" or "Plaintiff") (D.I. 606, 607) ("PTO"), IT IS HEREBY ORDERED that:

1.  PI's motion *in limine* ("MIL") No. 1, to preclude Fairchild from introducing evidence or argument regarding patents no longer at issue in this case, is GRANTED. Whether PI continued to manufacture, market, and sell its products after they were found at one point to infringe a Fairchild patent is not relevant to whether Fairchild's actions with respect to its products after they were found to infringe PI's patents qualify as induced infringement. Even were such evidence to be at all probative of whether Fairchild induced customers to infringe, the risk of unfair prejudice to PI and of juror confusion – by introducing the jury to prior litigation between the parties, prior jury infringement findings, and the existence and outcome of appellate proceedings – substantially outweigh any relevance.

Fairchild makes the following assertion: "***If*** PI argues that a responsible company should ***automatically*** cease selling accused products upon receipt of a complaint, during the pendency of the litigation, or after an infringement verdict, PI's parallel conduct is relevant and properly admissible under Rules 402 and 403 to rebut any assertion that Fairchild's continued sales are somehow improper and/or inherently inducing." (PTO Ex. 12A Fairchild's Opp. at 1-2) (emphasis added) If PI does so, Fairchild will have an opportunity to seek appropriate relief. Both sides should understand that the Court's pretrial rulings are subject to reevaluation should a party open the door and materially alter the considerations the Court had before it prior to trial.

2. PI's MIL No. 2, to exclude argument, testimony, and other evidence concerning the reasons for this retrial, is GRANTED. The parties agree that "the procedural history precipitating this trial, including the previous jury instruction on inducement, the appeal in the parties' related case, and the Court's order vacating the prior jury verdict," should be excluded. (*Id.* Ex. 12B PI Mot. at 1; *see also* Ex. 12B Fairchild Opp. at 1) The parties further agree that the jury should be instructed that certain facts have been established. (*See id.* Ex. 12B Fairchild Opp. at 1-2 & PI Reply at 1) Accordingly, the parties shall be prepared to discuss at the pretrial conference ("PTC") tomorrow the pertinent instruction and facts they propose should be read to the jury.

3. PI's MIL No. 3, to preclude Fairchild from relying on PI's license agreements with its Cayman Islands subsidiaries and from introducing evidence that these licenses were part of a tax strategy, is DENIED for the reasons stated at the pretrial conference in the related case. (*See* C.A. No. 08-309 D.I. 983 at 38-40) The Court adopts and incorporates by reference its analysis in denying the motion in the related case. The balance of competing considerations

under Federal Rule of Evidence 403 does not substantially favor exclusion.

4. Fairchild's MIL No. 1, to preclude PI from referring to the existence of, outcomes in, and alleged bad acts specific to other litigations between the parties, is GRANTED. Both parties agree that they will not introduce argument or evidence regarding the existence or outcomes of other cases, and further agree that they may use testimony from other cases without mentioning the existence or outcomes of other litigations. (*See* PTO Ex. 13A Fairchild Mot. at 1, PI Opp. at 1, & Fairchild Reply at 1)

5. Fairchild's MIL No. 2, to preclude PI from using the term "infringing product," is GRANTED. The parties agree that the accused products at issue in this case have been found to infringe PI's asserted United States patent if and when they are used or sold in the U.S. (*See, e.g.*, PTO Ex. 13B Fairchild's Mot. at 3 ("[Fairchild] agree[s] that the jury should be instructed that products-at-issue infringe *if* they enter the United States."); *id.* Power's Opp. at 1 ("PI agrees that the jury can and must be instructed that infringement only occurs when the products are imported, sold, or used in the United States.")) While the Court does not intend to micromanage counsel's and witnesses' language at trial, the Court concludes that terms such as "relevant products" or "products-at-issue" will eliminate any risk of confusing or inflaming the jury. The jury will be instructed (including during preliminary instructions) as to what is in dispute (and which PI must prove; i.e., "whether, when, and how much product entered the United States, who brought it to the United States, and whether [Fairchild] induced any infringing activity by those parties") (PTO Ex. 13B Fairchild's Mot. at 1) (*see also* Proposed Preliminary Jury Instructions, D.I. 609 at 11-12) and what is not disputed in this trial (that the products-at-issue do infringe if they enter the U.S.).

6. Fairchild's MIL No. 3, to preclude PI from relying on any evidence or argument regarding an award of royalties based on worldwide sales, is DENIED AS MOOT, based on PI's recent representations. (*See* D.I. 612)

The Court has identified other disputes in the PTO and, with respect to them, orders as follows:

1. The Court STRIKES both parties' proposed ¶ 3. To the extent there is a dispute as to what type of damages are being tried at the forthcoming trial, the parties shall be prepared to address the issue at the PTC.

2. The Court ADOPTS PI's proposal for ¶ 23.

3. The Court ADOPTS Fairchild's proposal for ¶ 27.

4. The proposed ¶ 28 is SUPPLEMENTED as follows: The parties are jointly responsible for providing the Court with the percentage allocations of any deposition testimony presented at trial. The Court will apply those percentages to the amount of time it takes to present the witness' designated testimony.

5. The Court ADOPTS PI's proposal for ¶ 32: with respect to objections to expert testimony as beyond the scope of prior expert disclosures, the party losing on such an objection will be charged for all time spent (by the parties and the Court) on such objection.

6. The Court ADOPTS PI's proposal for ¶ 37.

7. Each side will be allocated a total of **six (6) hours** for its trial presentation, an amount the Court deems to be reasonable and appropriate given the disputes to be resolved at this trial. The Court will reserve **thirty (30) minutes** of that time for closing argument. A party may request to "draw" on some portion of that reserved time by making a specific request during

trial and acknowledging that it is leaving itself relatively little time for closing argument. A party may use more than thirty minutes for closing argument, provided it has such time remaining. No party is required to use all of the time the Court allocates to it.

                                                                     *[signature]*
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT