IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>FAIRCHILD SEMICONDUCTOR CORPORATION and FAIRCHILD (TAIWAN) CORPORATION,<br><br>　　　　　　　　Defendants. | REDACTED PUBLIC  VERSION<br><br>C.A. No. 12-540-LPS<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS' MOTION UNDER RULE 50(A)

*Of Counsel:*

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80212-5638
(303) 592-1500
SLlewellyn@mofo.com

Colette Reiner Mayer
Pieter S. de Ganon
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto CA 94304-1018
(650) 813-5600
CRMayer@mofo.com
PdeGanon@mofo.com

Ryan J. Gatzemeyer
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000
RGatzemeyer@mofo.com

Dated: November 15, 2018

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Fairchild Semiconductor Corporation and Fairchild (Taiwan) Corporation*

Defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and Fairchild (Taiwan) Corporation (collectively, "Fairchild") move for judgment as a matter of law under Rule 50(a) on the issues of inducement and damages. Incorporating the oral motion made on November 14, 2018 (Trial Day 2 Tr. at 389-391), Fairchild moves that no reasonable jury would have had a legally sufficient basis to find for Power Integrations on any issue, as follows:

**(1) Induced Infringement**. Power Integrations has provided no evidence of predicate acts of direct infringement necessary to support an induced infringement finding of the FAN6756 product-at-issue. Power Integrations has failed to identify the importer of Dell or any other company's power supplies that allegedly include the products-at-issue. Power Integrations has failed to identify how many, if any, of the products-at-issue were imported or sold into the United States.

Power Integrations has provided insufficient evidence to demonstrate that Fairchild took affirmative action specifically intending the cause third-party direct infringement. Power Integrations has provided insufficient evidence to demonstrate that Fairchild took affirmative action directed at or communications with—much less successful communications with—any alleged importer or seller of the products-at-issue. Power Integrations has provided insufficient evidence to demonstrate that Fairchild took affirmative actions directed at or communications with—much less successful communications with—OEMs about the products-at-issue, the sale in the U.S. of the products-at-issue, or the importation into the U.S. the products-at-issue. Power Integrations has provided insufficient evidence to demonstrate that Fairchild took affirmative actions directed at or communications with—much less successful communications with—any third-party direct infringer about the sale of the products-at-issue in the U.S. Power Integrations has provided insufficient evidence to demonstrate that Fairchild's alleged inducement actually caused the third-party direct infringement. Power Integrations has not attempted to define the class of alleged third-party infringers that Fairchild allegedly induced.

Power Integrations has provided insufficient evidence of communications—much less successful communications—with the "classes" of retailers and importers. Power Integrations has provided insufficient evidence of communications—much less successful communications—with the "class" of OEMs about the products-at-issue—much less about the sale of the products-at-issue in the U.S. Power Integrations has provided insufficient evidence of communications (much less successful communications) between Fairchild and any third-party direct infringer about the sale of the products-at-issue in the U.S.

Power Integrations has provided insufficient evidence that Fairchild's alleged inducement actually caused any alleged third-party direct infringement. Power Integrations has made no attempt to define the class of alleged third-party infringers that Fairchild allegedly induced. Power Integrations has provided insufficient evidence that the entire class, however defined, met the elements of induced infringement.

**(2) Damages.** Power Integrations provides insufficient evidence to justify the amount of damages sought. There was no evidence of actual importation rate. Power Integrations did not attempt even to measure the actual importation rate. Although a reasonable royalty must reflect the value attributable solely to the patented features over unpatented features, Power Integrations made no attempt to apportion the value of the patented features. Power Integrations does not demonstrate that the royalty rate it seeks with reliable and tangible evidence.

Power Integrations damages are not based on actual infringement—i.e., an actual royalty base, even if estimated. Power Integrations' Damages cannot be based on hypothetical agreement about possible scope of future infringement. Hypothetical negotiation assumes "prudent licensee," but here, Power Integrations assumes that the licensee would sell at a loss. Power Integrations may not claim, but does claim, a royalty for the products-at-issue that do not enter the United States. Power Integrations damages are improperly based on a hypothetical agreement about the possible scope of future infringement.

|  |  |
|---|---|
| | ASHBY & GEDDES |
| *Of Counsel:* | */s/ Andrew C. Mayo* |
| | _____ |
| Scott F. Llewellyn | John G. Day (#2403) |
| MORRISON & FOERSTER LLP | Andrew C. Mayo (#5207) |
| 4200 Republic Plaza | 500 Delaware Avenue, 8th Floor |
| 370 Seventeenth Street | P.O. Box 1150 |
| Denver, CO 80212-5638 | Wilmington, DE 19899 |
| (303) 592-1500 | (302) 654-1888 |
| SLlewellyn@mofo.com | jday@ashbygeddes.com |
| | amayo@ashbygeddes.com |
| Colette Reiner Mayer | |
| Pieter S. de Ganon | *Attorneys for Fairchild Semiconductor* |
| MORRISON & FOERSTER LLP | *Corporation and Fairchild (Taiwan)* |
| 755 Page Mill Road | *Corporation* |
| Palo Alto CA 94304-1018 | |
| (650) 813-5600 | |
| CRMayer@mofo.com | |
| PdeGanon@mofo.com | |
| | |
| Ryan J. Gatzemeyer | |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | |
| San Francisco, CA 94105-2482 | |
| (415) 268-7000 | |
| RGatzemeyer@mofo.com | |

Dated: November 15, 2018