IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FAIRCHILD SEMICONDUCTOR CORPORATION and FAIRCHILD (TAIWAN) CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 12-540-LPS |
| v. | ) ) | **REDACTED PUBLIC VERSION** |
| POWER INTEGRATIONS, INC., | ) ) ) | |
| Defendant. | ) | |

**FAIRCHILD'S MOTION FOR AN ACCOUNTING AND SUPPLEMENTAL DAMAGES**

Plaintiffs Fairchild Semiconductor Corporation and Fairchild (Taiwan) Corporation (collectively, "Fairchild") hereby renew the request made in the Complaint in this matter, D.I. 1, at 7, for an accounting and supplemental damages owed to Fairchild by Defendant Power Integrations, Inc. ("Power Integrations").

Fairchild requests an additional award of damages to account for infringing sales occurring after the close of discovery that were not part of the royalty base the parties presented to the jury. Accountings of this type in patent cases are routinely granted by courts pursuant to statute, *see* 35 U.S.C. § 284, and are contemplated in the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 62(a)(2). *See Finjan Software, Ltd. v. Secure Computing Corp.*, 626 F.3d 1197, 1212-13 (Fed. Cir. 2010) (awarding accounting and reversing district court's denial of accounting on postjudgment sales).

As the Federal Circuit recently explained, "[u]nder 35 U.S.C. § 284, 'the court *shall* award . . . in no event less than a reasonable royalty,' and '[w]hen the damages are not found by a jury, the court *shall* assess them' (emphases added)." *Finjan*, 626 F.3d at 1212. In *Finjan*, the

Federal Circuit not only affirmed that the patent owner was entitled to damages reflecting "previously uncalculated sales" made up to the date of the judgment, but reversed a district court ruling that denied damages to a patent owner for sales made from the date of the judgment through the date the district court entered a permanent injunction. *Id.* at 1212-13.

Here, Fairchild requests an accounting for infringing sales Power Integrations has made or will make since the discovery cutoff point (June 30, 2014), which the jury did not consider. The royalty base Fairchild presented to the jury through its expert, Mr. James Malackowski, calculated damages only through June 30, 2014. (Declaration of James E. Malackowski in Support of Fairchild's Motion for Accounting and Supplemental Damages, Motion for Prejudgment and Postjudgment Interest, and Motion for Ongoing Royalty Rate, ("Malackowski Decl.") at ¶ 7.) Therefore, Fairchild now seeks an accounting of sales that occurred from July 1, 2014 through the date of Judgment, August 7, 2014. D.I. 427. Such an accounting is necessary as Power Integrations has made it clear that significant sales of the infringing LinkSwitch-II product are still taking place. (Declaration of Christina A. Ondrick In Support of Fairchild's Motion for an Accounting and Supplemental Damages, Motion for Prejudgment and Postjudgment Interest, and Motion for Attorneys' Fees and Costs, ("Ondrick Decl."), Ex. 2 (June 9, 2015 Power Integrations Press Release, "As such, Power Integrations does not anticipate any disruption in the supply of LinkSwitch-II products ….".)

Fairchild also seeks an award of supplemental damages to remedy the injury it has sustained due to Power Integrations' infringing sales after July 1, 2014 until judgment in this case, August 7, 2015. In this case, the jury entered a verdict of $2.385 million. This award was entered on the 159,812,545 million infringing units sold by Power Integrations between April 27, 2012 and June 30, 2014. This yields an implied or effective per unit royalty of approximately $0.015. (Malackowski Decl. at ¶ 11.) Courts dealing with this issue have found "that the most

straightforward and reliable way to determine per-unit rates for the adjudicated products is to divide damages for each product by the number of units." *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2014 WL 6687122, *14-15 (N.D. Cal. Nov. 25, 2014). Thus, Fairchild respectfully requests that the Court apply the effective royalty rate of $0.015 per unit to the number of units derived from the accounting during the time period of July 1, 2014 through August 7, 2015, by applying the effective royalty rate of $0.015 per unit.

|  | ASHBY & GEDDES |
|---|---|
|  | */s/ Andrew C. Mayo* |
|  | _____ |
|  | John G. Day (#2403) |
|  | Lauren E. Maguire (#4261) |
| *Of Counsel:* | Andrew C. Mayo (#5207) |
|  | 500 Delaware Avenue, 8th Floor |
| Blair M. Jacobs | P.O. Box 1150 |
| Christina A. Ondrick | Wilmington, DE  19899 |
| Robert J. Walters | (302) 654-1888 |
| Charles J. Hawkins | jday@ashby-geddes.com |
| Patrick J. Stafford | lmaguire@ashby-geddes.com |
| Paul Hastings LLP | amayo@ashby-geddes.com |
| 875 15th Street, N.W. |  |
| Washington, DC  20005 | *Attorneys for Plaintiffs* |
| (202) 551-1700 |  |

Dated:  August 21, 2015

{01037535;v1 }                                              3

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

I hereby certify that Plaintiffs made a reasonable effort to reach agreement with Defendant on the matters set forth in this Motion, but no agreement could be reached.

*/s/ Andrew C. Mayo*

Andrew C. Mayo

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FAIRCHILD SEMICONDUCTOR CORPORATION and FAIRCHILD (TAIWAN) CORPORATION,<br><br>   Plaintiffs,<br><br> v.<br><br>POWER INTEGRATIONS, INC.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 12-540-LPS<br>)<br>)<br>)<br>)<br>)<br>) |

## [PROPOSED] ORDER

IT HEREBY ORDERED that Fairchild's Motion for an Accounting and Supplemental Damages is GRANTED. Fairchild shall be awarded damages to account for infringing sales made from July 1, 2014 through August 7, 2015 using a $0.015 per unit royalty rate awarded by the jury.

SO ORDERED

_____
Honorable Leonard P. Stark
UNITED STATES DISTRICT COURT CHIEF JUDGE

{01037539;v1 }