IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FAIRCHILD SEMICONDUCTOR CORPORATION and FAIRCHILD (TAIWAN) CORPORATION, <br><br> Defendants. | C.A. No. 12-540-LPS |

Warren K. Mabey and Joseph B. Warden, FISH & RICHARDSON P.C., Wilmington, DE

Frank E. Scherkenbach, FISH & RICHARDSON P.C., Boston, MA

Howard G. Pollack, Michael R. Headley, and Neil A. Warren, FISH & RICHARDSON P.C., Redwood City, CA

John W. Thornburgh, FISH & RICHARDSON P.C., San Diego, CA

    Attorneys for Plaintiff


John G. Day and Andrew C. Mayo, ASHBY & GEDDES, Wilmington, DE

Colette Reiner Mayer and Pieter Sebastian de Ganon, MORRISON & FOERSTER LLP, Palo Alto, CA

Scott F. Llewellyn, MORRISON & FOERSTER LLP, Denver, CO

    Attorneys for Defendants

**MEMORANDUM OPINION**

July 22, 2019
Wilmington, Delaware

**STARK, U.S. District Judge:**

Pending before the Court are the parties' post-trial motions. On November 15, 2018, during a three-day jury trial, Plaintiff Power Integrations, Inc. ("PI") and Defendants Fairchild Semiconductor Corporation and Fairchild (Taiwan) Corporation (collectively, "Fairchild") each filed Motions for Judgment as a Matter of Law ("JMOL"). (D.I. 626, 629) On January 18, 2019, PI filed a Motion for Permanent Injunction (D.I. 678) and Fairchild filed a Motion for Judgment as a Matter of Law, or in the Alternative, a New Trial or Remittitur (D.I. 680). Briefing on the post-trial motions was completed on March 8, 2019. (D.I. 679, 682, 685, 686, 690, 691) The Court heard oral argument on April 5, 2019. (D.I. 694 ("Tr."))[1] The Court has decided to deny all of the motions.

## I. BACKGROUND

This case ("*Fairchild III*") was filed in May 2012, the third in this District between these competitors. Following an eight-day jury trial in 2015, a jury found that Fairchild had directly and indirectly infringed claims 29 and 31 of PI's U.S. Patent No. 7,995,359 (the "'359 patent"). On appeal of a related case (C.A. No. 08-309) ("*Fairchild II*"), the Federal Circuit remanded for a new trial on inducement due to errors in the inducement jury instruction. Since the same jury instruction had been used in the 2015 trial in the instant action, this Court ordered a new trial on whether Fairchild induced infringement of the '359 patent. A three-day jury trial commenced on November 13, 2018, after which the jury returned a verdict of induced infringement and awarded PI $719,029.10 in damages. (D.I. 631) Judgment was entered on December 27, 2018. (D.I. 637)

---

[1] The trial transcripts (D.I. 639-41) will be cited as "Trial Tr."

1

## II. LEGAL STANDARDS

### A. Judgment as a Matter of Law

Judgment as a matter of law is appropriate if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for [a] party" on an issue. Fed. R. Civ. P. 50(a)(1). "Entry of judgment as a matter of law is a sparingly invoked remedy," one "granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007) (internal quotation marks omitted).

To prevail on a renewed motion for judgment as a matter of law following a jury trial, the moving party "must show that the jury's findings, presumed or express, are not supported by substantial evidence or, if they were, that the legal conclusions implied [by] the jury's verdict cannot in law be supported by those findings." *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1348 (Fed. Cir. 1998) (internal quotation marks omitted). "'Substantial' evidence is such relevant evidence from the record taken as a whole as might be accepted by a reasonable mind as adequate to support the finding under review." *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 893 (Fed. Cir. 1984).

In assessing the sufficiency of the evidence, the Court must give the non-moving party, "as [the] verdict winner, the benefit of all logical inferences that could be drawn from the evidence presented, resolve all conflicts in the evidence in his favor, and in general, view the record in the light most favorable to him." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1348 (3d Cir. 1991); *see also Perkin-Elmer Corp.*, 732 F.2d at 893. The Court may not assess the credibility of witnesses nor "substitute its choice for that of the jury between conflicting

2

elements of the evidence." *Perkin-Elmer Corp.*, 732 F.2d at 893. Rather, the Court must determine whether the evidence reasonably supports the jury's verdict. *See Dawn Equip. Co. v. Ky. Farms Inc.*, 140 F.3d 1009, 1014 (Fed. Cir. 1998); *Gomez v. Allegheny Health Servs. Inc.*, 71 F.3d 1079, 1083 (3d Cir. 1995) (describing standard as "whether there is evidence upon which a reasonable jury could properly have found its verdict"); 9B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 2524 (3d ed. 2008) ("The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury properly could find a verdict for that party.").

### B. New Trial

Federal Rule of Civil Procedure 59(a) provides in pertinent part, "[t]he court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows: . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." New trials are commonly granted where "the jury's verdict is against the clear weight of the evidence, and a new trial must be granted to prevent a miscarriage of justice," where "newly-discovered evidence exists that would likely alter the outcome of the trial," where "improper conduct by an attorney or the court unfairly influenced the verdict," or where the jury's verdict was "facially inconsistent." *Zarow-Smith v. N.J. Transit Rail Operations*, 953 F. Supp. 581, 584-85 (D. N.J. 1997) (internal citations omitted).

The decision to grant or deny a new trial is committed to the sound discretion of the district court. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980); *Olefins Trading, Inc. v. Han Yang Chem Corp.*, 9 F.3d 282, 289 (3d Cir. 1993) (reviewing "district court's grant or denial of a new trial motion" under "abuse of discretion" standard). Although the standard for

3

granting a new trial is less rigorous than the standard for granting judgment as a matter of law, in that the Court need not view the evidence in the light most favorable to the verdict winner, ordinarily a new trial should only be granted "where a miscarriage of justice would result if the verdict were to stand," the verdict "cries out to be overturned," or the verdict "shocks [the] conscience." *Williamson*, 926 F.2d at 1352-53.

## III. DISCUSSION

### A. Fairchild's Motion to Set Aside the Inducement Verdict and for a New Trial on Inducement

PI's case for induced infringement was largely built on circumstantial evidence and a chain of inferences. Fairchild essentially challenges every link in the chain. (*See, e.g.*, D.I. 682 at 1; *id.* at 6 ("PI's case depends on a chain of unsupported assumptions.")) Applying the governing legal standards – that is, for purposes of JMOL viewing the evidence in the light most favorable to PI and giving PI the advantage of every fair and reasonable inference, and for purposes of a new trial assessing whether the verdict was against the clear weight of the evidence and if a new trial must be granted to prevent a miscarriage of justice – the Court will deny Fairchild's motion.

In its brief, PI outlines the evidence from which the jury could have reasonably found each of the elements of induced infringement. (*See, e.g.*, D.I. 685 at 2-4) The Court agrees that the record contained substantial evidence from which the jury could have found each element of induced infringement, consistent with the instructions given to them. (*See, e.g.*, Trial Tr. at 539-42)

Fairchild's motion seems predicated largely on a combination of ignoring the evidence that was presented to the jury (and which the jury was free to credit), incorrect suggestions that only direct (and not also circumstantial) evidence can be sufficient to support the verdict, and

4

rehashes of legal arguments that have already been rejected (by this Court or even the Federal Circuit, in the context of one or more of the related cases).

Illustrative of Fairchild's attack is its assertion: "PI presented *no evidence* that a reasonable jury could rely upon to find that any chip sold by Fairchild outside the United States ultimately resulted in an infringing act." (D.I. 682 at 4 (emphasis added); *see also* D.I. 691 at 1 ("PI presented literally no evidence that Dell imported or sold the FAN6756 in the United States.")) The Court does not agree. Instead, as PI summarizes in its brief:

> It was undisputed that "[a]t least one unit of Fairchild's FAN6756 products have been imported into, or sold in the United States by a third party." (Tr. 155:15-17.) Fairchild's U.S. Distributor also shipped FAN6756 demo boards to a U.S. address. (Tr. 285:19-286:17 (Kelley); DPX-4, DPX-5.) In addition, the evidence included admissions from Fairchild that its customers import the accused products into the U.S. (Tr. 222:22-223:5 (Chan); 242:13-243:15, 246:9-13 (Lam); 270:23-25 (Tu); Tr. 271:17-20 (Allexandre).) There was also substantial evidence that while it is impossible to know with precision the exact number of imported accused products, reliable estimates of importation rates range up to 40 percent in this case. (Tr. 180:9-17 (Matthews); Tr. 207:25-209:17 (Shah); Tr. 250:10-16 (Norman); 343:23-345:15, 349:8-351:8 (Robinson); DX-1353; DX-1440.)

(D.I. 685 at 4) Moreover, the jury was instructed:

> It was already determined that Fairchild's FAN6756 products directly infringe the '359 patent if used, sold, or imported into the United States, and that Fairchild has imported at least some of the FAN6756 products into the United States.

(Trial Tr. at 537)[2] In the Court's view, PI did present evidence on which a reasonable jury could rely to find that chips sold by Fairchild outside the U.S. did ultimately result in an infringing act in the U.S. in a Dell product. (*See also, e.g.*, D.I. 685 at 2) (summarizing evidence supporting finding that Dell was Fairchild's main customer for FAN6756 chips and affirmative actions Fairchild took to help Dell sell in U.S.)

---

[2] Fairchild also raises its prior objections to the Court's jury instructions. (*See* D.I. 682 at 15) Those objections were already ruled on and are preserved for appeal.

5

Fairchild's motion also seems predicated on the view that what happened at trial – most especially the reasonable inferences the jury implicitly chose to draw – is somehow irrelevant to resolution of the parties' legal disputes. For instance, Fairchild points out that "a design win [by Fairchild with Dell] does not necessarily mean that Fairchild ultimately secured the business," and observes that "PI agrees that a design win does not necessarily guarantee large volume sales, let alone exclusive sales." (D.I. 682 at 5) These are true statements – but also true is that it was for the jury to draw whatever reasonable inferences it believed the evidence best supported. The jury's implicit finding that Fairchild's design win *did* lead to infringing Fairchild products being imported into the U.S. in Dell products, in substantial quantities, was supported by substantial evidence. Similarly, Fairchild argues: "PI presented evidence that Fairchild communicated with a particular Dell entity with respect to a design win for the FAN6756, but *not evidence* that the same Dell entity actually infringed." (D.I. 682 at 8) (emphasis added) But, again, the jury is permitted to draw reasonable inferences, and it was reasonable to infer from the evidence that the Dell entity that actually infringed in the U.S. was induced to do so by the communications Fairchild made to whatever Dell entity was the initial recipient of those communications.[3] Likewise, while Fairchild is of course correct that "'wanting' something is not the same as 'causing' something" (D.I. 682 at 9), the undisputed fact that Fairchild "wanted" its customers to import into the U.S. may reasonably have been viewed by the jury as strong circumstantial

---

[3] The Court rejects Fairchild's contention that "inducement requires that the defendant induce *direct* infringement, not indirect infringement." (D.I. 682 at 10) The statute, 35 U.S.C. § 271(b), creates liability for anyone who "actively induces infringement" without specifying what type of infringement must be induced. Contrary to Fairchild's view (*see, e.g.*, D.I. 682 at 7), the Federal Circuit's decision in *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1351 (Fed. Cir. 2001), does not reject PI's position, as that case merely stated that "[i]nducement only occurs if the party being induced directly infringes the patent," and PI does not dispute that it must show that some party was ultimately induced to directly infringe.

6

evidence that, in combination with the totality of evidence, supported a finding that Fairchild did, in fact, cause direct infringement.

Finally, the Court also agrees with PI that "[t]he evidence in this case is much the same as in [*Fairchild II*], where this Court has twice found that inducement is a factual issue for the jury, and the Federal Circuit agreed." (D.I. 685 at 5-6) (summarizing and citing to pertinent rulings in *Fairchild II*)

For all of these reasons, Fairchild's motion with respect to induced infringement will be denied.

**B.     Fairchild's Motion for a New Trial on Damages or for Remittitur**

Fairchild argues that the jury's damages award is against the great weight of the evidence and, in the alternative, should be remitted. *See, e.g., Cortez v. Trans Union, LLC*, 617 F.3d 688, 715 (3d Cir. 2010) (stating that remittitur is appropriate where "the trial judge finds that a decision of the jury is clearly unsupported and/or excessive"). In particular, Fairchild contends that "PI did not present sufficient evidence from which a reasonable jury could conclude that 30% of Fairchild's FAN6756 chips were ultimately imported into or sold in the United States by third parties, and thus directly infringed." (D.I. 682 at 11)

The Court disagrees. (*See generally* D.I. 685 at 5) (summarizing evidence supporting damages verdict) The damages award is supported by substantial evidence and is not excessive. Instead, the Court agrees with PI that the jury was presented with "reliable estimates of importation rates rang[ing] up to 40 percent in this case." (D.I. 685 at 4 (citing evidence); *see also* Trial Tr. at 208-09 (Fairchild employee Shah opining that 20-30% of all Fairchild products are imported into U.S.))

7

PI's expert, Mr. Robinson, "assumed that, during a hypothetical negotiation in 2011 – before infringement began – PI and Fairchild would have agreed to use 30% as an importation rate." (D.I. 682 at 11) (internal emphasis omitted) This is true – but, contrary to Fairchild's characterization, it does not constitute "speculation untethered to evidence of the parties' conduct." (*Id.* at 11-12) Instead, the jury heard substantial evidence that in the face of complexity and uncertainty as to the precise importation rate, during a hypothetical negotiation the parties would have used a rule-of-thumb number such as 30%. (*See* Trial Tr. at 343-45)

Nor has Fairchild persuaded the Court it is entitled to relief with respect to the royalty rate or the relative value of the damages award to Fairchild's profits. (*See, e.g.*, D.I. 685 at 5, 12-13)

For all of these reasons, Fairchild's motion with respect to damages will be denied.

C.  **PI's Motion for Permanent Injunction**

PI has moved for entry of a permanent injunction. (D.I. 678) To obtain its requested permanent injunction, PI must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). The grant of an injunction is not a matter of right following a finding of infringement, but is instead "an act of equitable discretion by the district court." *Id.* "[S]uch discretion must be exercised consistent with traditional principles of equity." *Id.* at 394. Because PI has not met its burden to show that it has suffered and will continue to suffer an irreparable injury that cannot be adequately addressed by remedies available at law – including a reasonable royalty – the Court is not persuaded that equity warrants entry of an injunction.

8

ON Semiconductor Corporation ("ON"), which has acquired Fairchild, has issued an end-of-life notice advising its customers that on August 15, 2019, less than one month from now, it will cease sales of the accused FAN6756 product. (*See* D.I. 686 at 3; *see also* D.I. 687 ¶ 4) As Fairchild further represents: "Not only will production cease, but the FAN6756's masks and reticles will be discarded, preventing later manufacture of any FAN6756-type product." (D.I. 686 at 2-3; *see also* D.I. 687 ¶ 3) Moreover, "ON Semiconductor has ceased competing for any design wins based on the FAN6756MRMY or any other FAN6756-type product." (D.I. 686 at 3 n.1; *see also* D.I. 687 ¶ 5)

In response, PI points to "Fairchild's history of violating even court ordered injunctions," so "Fairchild's non-binding promise is of little comfort and gives PI no legal recourse should Fairchild later have a change of heart." (D.I. 690 at 1) While it is true there was some limited non-compliance with the injunction the Court entered in a related case, C.A. No. 04-1371 ("*Fairchild I*") D.I. 700; *see also id.* D.I. 930, that noncompliance did not warrant an order of contempt (*see id.* at D.I. 871), and it does not justify the skepticism of Fairchild and ON's representations that PI asserts. Fairchild's parent, ON, and PI are parties before the undersigned Judge in yet another patent infringement action, one scheduled to go to trial in February 2020. (*See ON Semiconductor Corp. v. Power Integrations, Inc.*, C.A. No. 17-247 D.I. 23) Considering the totality of circumstances, and recognizing that the relief PI is seeking is equitable in nature, the Court sees no reason not to accept Fairchild's representations, and is confident that PI will find a mechanism to make the Court aware of any action by Fairchild inconsistent with those representations. At bottom, the Court finds that "the evidence is very persuasive that further infringement will not take place." *W.L. Gore & Assocs., Inc.*

9

*v. Garlock, Inc.*, 842 F.2d 1275, 1281-82 (Fed. Cir. 1988), *abrogated on other grounds by eBay Inc.*, 547 U.S. at 388.

PI's motion will be denied.

## IV. CONCLUSION

For the reasons stated above, the Court will deny as moot the parties' initial JMOLs (D.I. 626, 629), deny Fairchild's post-trial motion (D.I. 680), and deny PI's post-trial motion (D.I. 678). An appropriate Order follows.